| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter  11 |
|   ☐ Check if this an amended filing |

Official Form 201
**Voluntary Petition for Non-Individuals Filing for Bankruptcy**  4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Epic Companies, LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names
FKA  EPIC Offshore Specialty, LLC

**3. Debtor's federal Employer Identification Number (EIN)**  82-4291473

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1080 Eldridge Parkway, Suite 1300 | |
| Houston, TX 77077 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Harris | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  www.epiccompanies.com

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  Epic Companies, LLC  
      Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))  
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))  
☐ Railroad (as defined in 11 U.S.C. § 101(44))  
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))  
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))  
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))  
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)  
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)  
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    2111

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7  
☐ Chapter 9  
■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☐ No.  
■ Yes.

If more than 2 cases, attach a separate list.

| | | | | | |
|---|---|---|---|---|---|
| District | USBC - Eastern District of Louisiana (New Orleans) | When | 8/02/19 | Case number | 19-12086 |
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No.  
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | See Attachment 1 | | | Relationship | |
| District | Southern-Houston | When | | Case number, if known | |

Debtor    Epic Companies, LLC                              Case number (*if known*)
           *Name*

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard?  _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other

**Where is the property?**   _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency   _____
         Contact name   _____
         Phone   _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   Epic Companies, LLC
         Name

Case number (*if known*)

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/26/19
              MM / DD / YYYY

X /s/ Jeffrey T. Varsalone                           Jeffrey T. Varsalone
  Signature of authorized representative of debtor   Printed name

Title   Chief Restructuring Officer

**18. Signature of attorney**

X /s/ John F. Higgins                 Date   08/26/19
  Signature of attorney for debtor           MM / DD / YYYY

John F. Higgins
Printed name

Porter Hedges LLP
Firm name

1000 Main Street, 36th Floor
Houston, TX 77002
Number, Street, City, State & ZIP Code

Contact phone   (713) 226-6000        Email address   jhiggins@porterhedges.com

09597500 TX
Bar number and State

# ATTACHMENT 1

LIST OF RELATED CASES

| NAME | TAX ID NO. |
|---|---|
| Epic Alabama Steel, LLC | 83-2906835 |
| Epic Applied Technologies, LLC | 75-2255844 |
| Epic Companies, LLC | 82-4291473 |
| Epic Diving & Marine Services, LLC | 72-1612501 |
| Epic San Francisco Shipyard, LLC | 83-3555763 |
| Epic Specialty Services, LLC | 83-1818457 |
| Zuma Rock Energy Services, LLC | 83-1481022 |

# EPIC COMPANIES, LLC

*Unanimous Written Consent of the Members*

August 21, 2019

The undersigned, being all of the members (each, a "***Member***" and collectively, the "***Members***") of EPIC Companies, LLC, a Delaware limited liability company (the "***Company***"), hereby approve, consent to, and adopt the following recitals and resolutions, and the actions authorized in such recitals and resolutions, as the act and deed of the Members by written consent as of the date set forth above.

## *Authorized Signatory*

RESOLVED, that for purposes of these recitals and resolutions the term "***Authorized Signatory***" shall mean either Thomas M. Clarke or David A. Wiley.

## *Filing of Bankruptcy Petition*

WHEREAS, pursuant to that certain Operating Agreement of the Company dated effective as of February 5, 2018, the Members have exclusive and complete authority and discretion to cause or allow the Company to file a voluntary petition for bankruptcy;

WHEREAS, the Members, acting pursuant to the laws of the State of Delaware, have considered the financial and operational aspects of the Company's business;

WHEREAS, the Members have reviewed the historical performance of the Company and the current and long-term liabilities of the Company; and

WHEREAS, the Members have analyzed each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Members, it is advisable, desirable, and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***");

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute, verify, and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that such Authorized Signatory deems necessary or appropriate and/or advisable, desirable, and in the best interests of the Company in connection with the Company's Chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to retain the law firm of Porter Hedges LLP ("***PH***") as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith,

8086190v4

and such Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Company's Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of PH;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to retain S3 Advisors, LLC, a Massachusetts limited liability company ("*G2*"), to provide, among other things, a Chief Restructuring Officer ("*CRO*") and through the CRO provide related restructuring services, and such Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Company's Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of G2;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to employ any other professionals necessary or appropriate and/or advisable, desirable, and in the best interests of the Company to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, such Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to, or immediately upon the filing of the Company's Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary or appropriate and/or advisable, desirable, and in the best interests of the Company;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral, and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, such Authorized Signatory be, and hereby is, authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take any and all actions, to execute, deliver, certify, file, and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates, and to take any and all actions and steps deemed by such Authorized Signatory to be necessary or appropriate and/or advisable, desirable, and in the best interests of the Company to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 case, including, but not limited to, the development, filing, and prosecution to confirmation of a Chapter 11 plan and related disclosure statement; and

RESOLVED FURTHER, that any and all actions heretofore taken by any Authorized Signatory or any Member in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and each hereby is, approved, consented to, and adopted in all respects as the act and deed of the Company.

*Sale Transactions*

RESOLVED FURTHER, that the Company be, and hereby is, authorized (a) to solicit bids for the purchase of the Company's assets and the assumption of certain of the Company's liabilities, to determine the highest and best offer received for such assets or liabilities which constitutes a fair and adequate purchase price, and to accept qualified bids for such assets or liabilities, (b) to enter into one or more purchase agreements to sell all or substantially all of the Company's assets ("***Purchase Agreement(s)***") and each of the ancillary documents to be entered into in connection therewith, including, but not limited to, any transition services agreements, intellectual property licensing agreements, bills of sale, lease assignments, officer's certificates, and any other document, instruments, or agreements to be executed in connection with the Purchase Agreement(s) (collectively, "***Transaction Documents***"), and (c) to enter into and perform the transactions and obligations contemplated by any Purchase Agreement(s) and any Transaction Documents;

RESOLVED FURTHER, that the Company has negotiated an asset purchase agreement with White Oak Global Advisors, LLC, a Delaware limited liability company ("***White Oak***"), for the sale of substantially all of the Company's assets, except for certain excluded assets, and the assumption of certain of the Company's liabilities in the Company's Chapter 11 case pursuant to Section 363 of the Bankruptcy Code which the Members, after receiving advice from its professional advisors, has determined offers a fair and adequate purchase price for the assets proposed to be purchase by White Oak and, therefore, should be pursued by the Company;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to prepare, negotiate, executed, deliver, and perform a Purchase Agreement and Transactions Documents with White Oak, on substantially the terms and conditions presented to the Members, together with such changes or additions thereto as such Authorized Signatory shall approve, such approval to be conclusively evidenced by such execution and delivery, and upon such execution and delivery of all of the foregoing documents, instruments, and agreements, and the execution and delivery conditions set forth therein; and

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to prepare, negotiate, executed, deliver, and perform Purchase Agreements and Transaction Documents with other potential purchasers of the Company's assets (including with respect to assets not sold to White Oak), on such terms and conditions as determined by such Authorized Signatory, together with such changes or additions thereto as such Authorized Signatory shall approve, such approval to be conclusively evidenced by such execution and delivery of such Purchase Agreements and Transaction Documents, and upon such execution and delivery of all of the foregoing documents, instruments, and agreements, and the execution and delivery thereof by all other parties or signatories thereto, the Company shall be bound by the terms and conditions set forth therein.

*General*

      RESOLVED FURTHER, that all acts and deeds heretofore done or actions taken by any Member, any Authorized Signatory, or any agent of the Company, in the name and on behalf of the Company, in entering into, executing, acknowledging, or attesting any arrangements, agreements, instruments, or documents in carrying out the terms and intentions of the foregoing preambles and resolutions be, and each hereby is, approved, consented to, and adopted in all respects as the acts and deeds of the Company;

      RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to take further action as he may deem necessary or appropriate and/or advisable, desirable, and in the best interests of the Company in connection with the above-referenced transactions, including, but not limited to, execution of any document necessary to complete the above-referenced transactions;

      RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to execute and deliver or cause to be executed and delivered any and all other agreements, certificates, reports, applications, notices, letters, or other documents (including, but not limited to, all instruments contemplated by any of the above documents), and to do or cause to be done any and all further acts as such Authorized Signatory shall deem necessary or appropriate and/or advisable, desirable, and in the best interests of the Company to comply with the applicable laws and regulations of any jurisdiction (domestic or foreign) or otherwise permit the Company to fully and promptly carry out the purposes and intent of the foregoing preambles and resolutions and to consummate the transactions contemplated thereby, and any such action taken or any agreement, amendment, certificate, report, application, notice, letter, or other document executed and delivered by them or any of them in connection with any such action shall be conclusive evidence of their or his authority to take, execute, and deliver the same; and

      RESOLVED FURTHER, that this written consent may be executed and delivered by facsimile, portable document format (.pdf), and other electronic imaging means, and in any number of counterparts with the same effect as if all parties hereto had signed the same document.  Facsimile, PDF, and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on all parties hereto. All counterparts shall be construed together to constitute one and the same instrument.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned hereby execute this written consent effective as of the date first set forth above.

MEMBERS:

ORINOCO NATURAL RESOURCES, LLC
a Virginia limited liability company

By: _____
Name: Thomas M. Clarke, on behalf of himself and Ana M. Clarke, husband and wife, jointly as tenants by the entirety

By: _____
Name: Ana M. Clarke, on behalf of herself and Thomas M. Clarke, husband and wife, jointly as tenants by the entirety

OAKRIDGE ENERGY PARTNERS LLC
a Delaware limited liability company

By: _____
Name: David A. Wiley
Title: Manager

[SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE MEMBERS – EPIC COMPANIES, LLC]

**IN WITNESS WHEREOF**, the undersigned hereby execute this written consent effective as of the date first set forth above.

MEMBERS:

**ORINOCO NATURAL RESOURCES, LLC**
a Virginia limited liability company

By:_____
Name: Thomas M. Clarke, on behalf of himself and Ana M. Clarke, husband and wife, jointly as tenants by the entirety

By:_____
Name: Ana M. Clarke, on behalf of herself and Thomas M. Clarke, husband and wife, jointly as tenants by the entirety

**OAKRIDGE ENERGY PARTNERS LLC**
a Delaware limited liability company

By:_____
Name: David A. Wiley
Title: Manager

[SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE MEMBERS – EPIC COMPANIES, LLC]

## United States Bankruptcy Court
### Southern District of Texas

In re  Epic Companies, LLC  
Debtor(s)

Case No.  
Chapter  11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Oakridge Energy Partners LLC<br>1080 Eldridge Parkway, Suite 1300<br>Houston, TX 77077 | | | Owns 50% of Membership Interests |
| Orinoco Natural Resources, LLC<br>1080 Eldridge Parkway, Suite 1300<br>Houston, TX 77077 | | | Owns 50% of Membership Interests |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  08/26/19

Signature  /s/ Jeffrey T. Varsalone  
Jeffrey T. Varsalone

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Southern District of Texas

In re    Epic Companies, LLC                      Case No.
                                                               Debtor(s)                      Chapter    11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Epic Companies, LLC   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Oakridge Energy Partners LLC
1080 Eldridge Parkway, Suite 1300
Houston, TX 77077

Orinoco Natural Resources, LLC
1080 Eldridge Parkway, Suite 1300
Houston, TX 77077

☐ None [*Check if applicable*]


August 26, 2019                                    /s/ John F. Higgins
Date                                                      John F. Higgins
                                                                           Signature of Attorney or Litigant
                                                                           Counsel for    Epic Companies, LLC
                                                                           Porter Hedges LLP
                                                                           1000 Main Street, 36th Floor
                                                                           Houston, TX 77002
                                                                           (713) 226-6000 Fax:(713) 228-1331
                                                                           jhiggins@porterhedges.com

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Epic Companies, LLC | |
| United States Bankruptcy Court for the: District of Southern District of Texas | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DAN BUNKERING<br>840 GESSNER SUITE 210<br>HOUSTON, TX  77024 | CONTACT: JIM JENSEN<br>PHONE: (281) 833-5801<br>ACCOUNTSAMERICA@DAN-BUNKERING.COM | TRADE PAYABLE | | | Unknown | $2,231,958.01 |
| 2 | MCGRIFF, SEIBELS & WILLIAMS OF TEXAS, INC.<br>LOCKBOX DRAWER 456<br>PO BOX 11407<br>BIRMINGHAM, AL  35246-0456 | CONTACT: SOILA STROOT<br>PHONE: (713) 940-6585<br>SSTROOT@MCGRIFF.COM | TRADE PAYABLE | | | | $1,163,809.39 |
| 3 | GOLIATH OFFSHORE HOLDINGS PTE, LTD.<br>C/O PHELPS DUNBAR LLP<br>365 CANAL STREET, SUITE 2000<br>NEW ORLEANS, LA  70130 | CONTACT: JOSEPH E. LEE, III<br>PHONE: (504) 584-9251<br>JOSH.LEE@PHELPS.COM | TRADE PAYABLE | | | | $1,141,349.00 |
| 4 | TAYLORS INTERNATIONAL SERVICES, INC.<br>PO BOX 81154<br>LAFAYETTE, LA  70598 | CONTACT: TINA ZELLER<br>PHONE: (337) 234-5558<br>TZELLER@TAYLORS-INTERNATIONAL.COM | TRADE PAYABLE | | | Unknown | $913,178.58 |
| 5 | FUGRO USA MARINE, INC.<br>P.O. BOX 301114<br>DALLAS, TX  75303-1114 | CONTACT: JAME FORT<br>PHONE: (337) 237-1300<br>J.FORT@FUGRO.COM | TRADE PAYABLE | | | Unknown | $695,871.81 |
| 6 | HEALTH CARE SERVICES CORPORATION DBA BLUE CROSS BLUE SHIELD OF TX<br>300 EAST RANDOLPH STREET<br>CHICAGO, IL  60601 | CONTACT: STEFANIE BRASIER<br>PHONE: (972) 766-0194<br>STEFANIE_BRASIER@BCBSTX.COM | TRADE PAYABLE | | | | $491,649.06 |

Debtor: Epic Companies, LLC    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  ERNST & YOUNG, LLP<br>PNC BANK C/O ERNST & YOUNG US LLP<br>3712 SOLUTIONS CENTER<br>CHICAGO, IL  60677-3007 | CONTACT: BETHANY REED<br>PHONE: (832) 765-1305<br>BETHANY.REED@EY.COM | TRADE PAYABLE | | | | $401,029.36 |
| 8  NEW INDUSTRIES LLC<br>P.O. BOX 2176<br>MORGAN CITY, LA  70381-2176 | CONTACT: CHAD PARADEE<br>PHONE: (985) 385-6789<br>CHAD.PARADEE@NEWINDUSTRIES.COM | TRADE PAYABLE | | | | $353,454.00 |
| 9  CROSBY TUGS, INC.<br>P.O. BOX 279<br>GOLDEN MEADOW, LA  70357 | CONTACT: TAMI BREAUX<br>PHONE: (985) 632-7575<br>TBREAUX@CROSBYTUGS.COM | TRADE PAYABLE | | | | $328,797.71 |
| 10 CENTRAL BOAT RENTALS, INC.<br>DEPT. 0422<br>P.O. BOX 120422<br>DALLAS, TX  75312-0422 | CONTACT: AMBER TERREBONNE<br>PHONE: (985) 384-8200<br>AMBER@CENTRALBOAT.COM | TRADE PAYABLE | | | | $321,113.28 |
| 11 UNITED VISION LOGISTICS<br>4021 AMBASSADOR CAFFERY PKWY SUITE 200 BLDG A<br>LAFAYETTE, LA  70503 | CONTACT: BENTLEY BURGESS<br>PHONE: (713) 350-5200<br>BENTLEY.BURGESS@UVLOGISTICS.COM | TRADE PAYABLE | | | | $311,223.41 |
| 12 OFFSHORE TECHNICAL SOLUTIONS<br>690 SOUTH HOLLYWOOD ROAD<br>HOUMA, LA  70360 | CONTACT: RICHARD BURGO<br>PHONE: (985) 855-7780<br>RICHARD@OFFSHORETECHNICAL.COM | TRADE PAYABLE | | | | $277,400.00 |
| 13 DOWNHOLE SOLUTIONS<br>P.O. BOX 52613<br>TULSA, OK  74152 | CONTACT: BURT PEREIRA<br>PHONE: (985) 774-1409<br>BURT@DOWNHOLESOLUTIONS.NET | TRADE PAYABLE | | | | $264,343.00 |
| 14 VERSABAR<br>11349 FM 529 ROAD<br>HOUSTON, TX  77041 | CONTACT: CONNIE LEBLANC<br>PHONE: (713) 939-3085<br>CLEBLANC@VBAR.COM | TRADE PAYABLE | | | | $263,342.26 |
| 15 OCEANWIDE INTERNATIONAL<br>P.O. BOX 59607<br>4011 LIMASSOL<br>CYPRUS | CONTACT: CHUCK CARLISLE<br>PHONE: (985) 446-1313<br>CHUCK@OCEANWIDEAMERICA.COM | TRADE PAYABLE | | | Unknown | $262,865.76 |
| 16 PROSERV - MARINE TECH<br>P.O. BOX 204311<br>DALLAS, TX  75320-4311 | CONTACT: TIM CROCHET<br>PHONE: (985) 746-1579<br>TIM.CROCHET@PROSERV.COM | TRADE PAYABLE | | | | $262,608.17 |
| 17 BILL POOLE VALVES & CONTROLS, INC.<br>710 W ADMIRAL DOYLE DRIVE<br>NEW IBERIA, LA  70560 | CONTACT: BARRY POOLE<br>PHONE: (337) 359-7081<br>AR@BILLPOOLE.COM | TRADE PAYABLE | | | | $235,675.44 |
| 18 MCALLISTER TOWING OF NEW YORK, LLC<br>17 BATTERY PLACE, SUITE 1200<br>NEW YORK, NY  10004 | CONTACT: ALESSANDRA TEBALDI<br>PHONE: (212) 269-3200<br>ATEBALDI@MCALLISTERTOWING.COM | TRADE PAYABLE | | | | $235,500.00 |

Debtor: Epic Companies, LLC                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  BORDELON MARINE, INC.<br>PO BOX 619<br>LOCKPORT, LA  70374 | CONTACT: ANGELA GAUTREAUX<br>PHONE: (985) 532-3817<br>ANGELA@BORDELONMARINE.COM | TRADE PAYABLE | | | | $231,439.61 |
| 20  MULE SERVICES, LLC<br>1361 DUCHAMP ROAD<br>ST. MARTINVILLE, LA  70582 | CONTACT: JOE STEGEMAN<br>PHONE: (337) 591-3470<br>JSTEGEMAN@MULESERV.COM | TRADE PAYABLE | | | | $224,393.96 |
| 21  BOXLEY GROUP, LLC<br>770 S POST OAK LN, #300<br>HOUSTON, TX  77056 | CONTACT: KRYSTAL BYERS<br>PHONE: (832) 274-8903<br>KRYSTAL.BYERS@BOXLEYGROUP.COM | TRADE PAYABLE | | | | $194,277.50 |
| 22  CASHMAN EQUIPMENT CORP.<br>41 BROOKS DRIVE, SUITE 1005<br>BRAINTREE, MA  02184 | CONTACT: PAUL PEREZ<br>PHONE: (781) 535-6222<br>PPEREZ@4BARGES.COM | TRADE PAYABLE | | | | $182,579.30 |
| 23  MCDONOUGH MARINE SERVICE<br>PO BOX 919227<br>DALLAS, TX  75391-9227 | CONTACT: JOHN STEVENSON<br>PHONE: (281) 733-4343<br>JSTEVENSON@MCDONOUGHMARINE.COM | TRADE PAYABLE | | | | $180,389.00 |
| 24  PRAXAIR INC.<br>PO BOX 417518<br>BOSTON, MA  02241-7518 | CONTACT: JOE SHINE<br>PHONE: (203) 482-0227<br>JOE_SHINE@PRAXAIR.COM | TRADE PAYABLE | | | | $178,498.72 |
| 25  SOFTCHOICE CORPORATION<br>ATTN: FINANCE DEPARTMENT<br>314 W. SUPERIOR STREET SUITE 402<br>CHICAGO, IL  60610-3538 | CONTACT: JOSH BREWER<br>PHONE: (319) 560-4859 | TRADE PAYABLE | | | | $176,400.54 |
| 26  ENTIER USA, INC.<br>800 TOWN AND COUNTRY BOULEVARD<br>SUITE 300<br>HOUSTON, TX  77024 | CONTACT: COLIN HENRY<br>PHONE: 44 (0) 7912 732907<br>COLIN.HENRY@ENTIER-SERVICES.COM | TRADE PAYABLE | Unknown | | | $169,783.70 |
| 27  RAPIDLOGGER SYSTEMS LLC<br>10700 CORPORATE DRIVE<br>SUITE 108<br>STAFFORD, TX  77477 | CONTACT: TED BECKHAM<br>PHONE: (281) 936-8611<br>TED@TDBECKHAM.COM | TRADE PAYABLE | | | | $159,444.50 |
| 28  CYPRESS PROCESS AND PIPELINE SERVICES, LLC<br>5727 S.LEWIS AVE., SUITE 300<br>TULSA, OK  74105 | CONTACT: TROY THERIOT<br>PHONE: (337) 451-4440<br>TROY.THERIOT@CYPRESSPPS.COM | TRADE PAYABLE | Unknown | | | $154,603.80 |
| 29  ARC CONTROLS, INC.<br>4875 TUFTS ROAD<br>MOBILE, AL  36619 | CONTACT: LUCIAN LOTT<br>PHONE: (251) 666-2165<br>LUCIAN@ARCCONTROLS.COM | TRADE PAYABLE | | | | $153,101.59 |
| 30  V.SHIPS LIMITED<br>V.SHIPS HOUSE<br>13, OMONIA AVENUE<br>3312-LIMMASSOL, UK | CONTACT: ALEX HALAVINS<br>PHONE: 357-25848400<br>ALEX.HALAVINS@VSHIPS.COM | TRADE PAYABLE | Unknown | | | $142,779.00 |

**DECLARATION**

I, Jeffrey T. Varsalone, the Debtors' Chief Restructuring Officer, declare under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding Thirty Largest Unsecured Claims and that it is true and correct to the best of my knowledge, information and belief.

Dated: August 26, 2019.

By: _____
Jeffrey T. Varsalone
Chief Restructuring Officer

1

8810860v1