**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **EPIC COMPANIES, LLC,** | § | |
| | § | |
| | § | **Case No. 19-34752** |
| Debtor. | § | |
| | § | |
| **In re:** | § | |
| | § | |
| | § | **Chapter 11** |
| **EPIC ALABAMA STEEL, LLC** | § | |
| | § | **Case No. 19-34753** |
| Debtor. | § | |
| | § | |
| **In re:** | § | |
| | § | |
| | § | **Chapter 11** |
| **EPIC APPLIED TECHNOLOGIES, LLC,** | § | |
| | § | **Case No. 19-34754** |
| Debtor. | § | |
| | § | |
| **In re:** | § | |
| | § | |
| | § | **Chapter 11** |
| **EPIC DIVING & MARINE** | § | |
| **SERVICES, LLC,** | § | |
| | § | **Case No. 19-34755** |
| Debtor. | § | |
| | § | |
| **In re:** | § | |
| | § | |
| | § | **Chapter 11** |
| **EPIC SAN FRANCISCO** | § | |
| **SHIPYARD, LLC,** | § | |
| | § | **Case No. 19-34756** |
| Debtor. | § | |
| | § | |

|  | § |  |
| --- | --- | --- |
| **In re:** | § | |
| | § | **Chapter 11** |
| **EPIC SPECIALTY SERVICES, LLC,** | § | |
| | § | **Case No. 19-34757** |
| Debtor. | § | |
| | § | |
| | § | |
| **In re:** | § | |
| | § | **Chapter 11** |
| **ZUMA ROCK ENERGY** | § | |
| **SERVICES, LLC,** | § | |
| | § | **Case No. 19-34758** |
| Debtor. | § | |
| | § | **(Emergency Hearing Requested)** |

## DEBTORS' EMERGENCY MOTION FOR
## JOINT ADMINISTRATION OF THESE CHAPTER 11 CASES

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 27, 2019 AT 2:00 PM IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN AUGUST 27, 2019.**

Epic Companies, LLC ("Epic") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto (the "Order") under section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and waiving the requirements that the

captions and certain notices in these chapter 11 cases contain certain identifying information with respect to each Debtor. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Kelton C. Tonn in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1015(b), 2002(n) and 6003, and Bankruptcy Local Rules 1015-1 and 9013-1(i).

## EMERGENCY CONSIDERATION

3.      Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, the Debtors request emergency consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. To avoid confusion and facilitate a smooth transition into the Chapter 11 Cases, it is critical that the cases be jointly administered during the first 21 days, a period during which there will be a significant volume of docket filings and other procedural events. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). [1] The Debtors have requested that the Chapter 11 Cases be jointly administered for procedural purposes only.

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      As of the filing of this motion, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7.      Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## BASIS FOR RELIEF

8.      Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. FED. R. BANKR. P. 1015(b). The Debtors in these cases are "affiliates" of each other as that term is defined in section 101(2)[2] of the Bankruptcy Code

---

[1]    On August 2, 2019, an involuntary petition for relief under chapter 7 of the Bankruptcy Code was filed against Epic in the United States Bankruptcy Court for the Eastern District of Louisiana. As of the date hereof, that involuntary petition has not been adjudicated and an order for relief has not been entered.

[2]    In particular, affiliate is defined in the Bankruptcy Code as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. § 101(2)(B).

3

and as used in Bankruptcy Rule 1015(b). The Debtors are closely related entities, sharing common management and ownership. Additionally, there is an overlap of the Debtors' creditors. Joint administration will ensure that all parties receive notice of all critical events and is a more efficient and cost-effective use of the Debtors' resources. Finally, joint administration of the Debtors' Chapter 11 Cases will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the Debtor cases, thereby saving the Debtors' estates, and the Court, considerable time and resources. Joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

9.      Moreover, the joint administration of the Chapter 11 Cases will permit the use of a single, consolidated docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

10.      Joint administration will avoid the need for repetitive, duplicative, and potentially confusing notices, motions, and applications, and other filings thereby saving time and expense. In particular, joint administration will permit counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in the Chapter 11 Cases.

11.      No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. *See, e.g., In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) ("Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates."). Each creditor and

other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

12.     As the proposed joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors. Separate claims registers shall be maintained for each Debtor.

13.     Under Bankruptcy Code section 342(c)(1), "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." The proposed caption contains all of the required information, and, therefore, satisfies the terms of Bankruptcy Code section 342(c)(1).

14.     In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| | § |
| **In re:** | § **Chapter 11** |
| | § |
| **EPIC COMPANIES, LLC,** *et al.* | § **Case No. 19-34752** |
| | § |
| **Debtors.**[1] | § **(Jointly Administered)** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), EPIC Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 1080 Eldridge Parkway, Suite 1300, Houston, Texas 77077.

15.     The Debtors further request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors (other than Epic) to reflect the joint administration of these chapter 11 cases:

> "An order has been entered in this case consolidating this case with the case of Epic Companies, LLC, Case No. 19-34752 for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 19-34752 should be consulted for all matters affecting the above listed case. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-34752."

16.     Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 contain certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. FED. R. BANKR. P. 2002(n). All pleadings filed and each notice mailed by the Debtors will include a footnote listing of all the Debtors, the last four digits of their tax identification numbers, and the address of their headquarters. Moreover, the full tax identification numbers, if applicable, and any other names used by the Debtors in the past eight years will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest, including on a website to be maintained by Epiq Corporate Restructuring, LLC, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

17.     To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by Bankruptcy section 342(c)(1) and/or Bankruptcy Rule 2002(n) is warranted. Including the Debtors' full tax identification numbers and other identifying information on each notice and pleading would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of such requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each

6

pleading they file and notice they mail a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and the address of their headquarters.

18.     Further, Bankruptcy Local Rule 1015-1 details the information a debtor must include in its request for joint administration. A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number." This Motion and the proposed order satisfy these requirements. To the extent the Motion or the Order are deemed not to comply with such rule, the Debtors request a limited waiver.

19.     For the reasons set forth above, the Debtors respectfully submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and, therefore, should be granted.

## NOTICE

20.     Notice of this Motion shall be given to (a) the U.S. Trustee; (b) the Debtors' 30 largest unsecured creditors on a consolidated basis; (c) counsel to White Oak Global Advisors, LLC; (d) Acqua Liana Capital Partners, LLC; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (h) any party required to be served under Bankruptcy Local Rule 9013-1(d). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## CONCLUSION

21.     The Debtors respectfully request that the Court enter an order, substantially in the

form attached hereto, granting the relief requested in this Motion and such other and further

relief as may be just and proper.

Dated:  August 26, 2019
Houston, Texas

                                        **PORTER HEDGES LLP**

By:     */s/ John F. Higgins*
        John F. Higgins (TX 09597500)
        M. Shane Johnson (TX 24083263)
        Genevieve M. Graham (TX 24085340)
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        Telephone: (713) 226-6000
        Fax: (713) 226-6248

        **PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**