**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § <br> § Chapter 11 <br> § |
| EPIC COMPANIES, LLC, | § Case No. 19-34752 (DRJ) <br> § |
| Debtors.[1] | § (Jointly Administered) <br> § |

**DEBTORS' EMERGENCY MOTION TO SELL CERTAIN ACCOUNTS RECEIVABLE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN OCTOBER 25, 2019.**

**TO THE HONORABLE DAVID R. JONES,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Epic Companies, LLC ("Epic") and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") file this *Emergency Motion to Sell Certain Accounts Receivable Free and Clear of Liens, Claims, and Encumbrances* (the "Motion").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 1080 Eldridge Parkway, Suite 1300, Houston, Texas 77077.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The statutory bases for relief are section 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and Bankruptcy Local Rule 9013-1(i).

## EMERGENCY CONSIDERATION

3. The Debtors request emergency consideration of this Motion because the Debtors have an offer to purchase the AR Assets (defined below) at a price that they believe is the highest and best offer that they will receive and the purchaser has requested approval of the sale by October 25, 2019. Accordingly, in order to ensure that the Debtors are able to efficiently monetize the AR Assets and maximize value to the estates, the Debtors request emergency relief.

## BACKGROUND

**A.    Chapter 11 Cases**

4. On August 26, 2019 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On September 6, 2019, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed in the Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. The Debtors filed these Chapter 11 Cases to market and sell the Debtors' business as a going concern. Additional information regarding the Debtors and the Chapter 11 Cases,

including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of Kelton C. Tonn in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "First Day Declaration").[2]

## RELIEF REQUESTED

7.  The Debtors request that the Court approve the sale of the AR Assets pursuant to the Accounts Receivable Purchase Agreement (the "AR Agreement"), attached as **Exhibit A**. White Oak Global Advisors, LLC, the Debtors' prepetition administrative agent and DIP Agent, consents to the relief requested. The basic terms of the AR Agreement are as follows:

- Epic Companies, LLC ("Seller") is selling certain accounts receivable with a face amount totaling $8,408,903 (as defined in the AR Agreement, the "AR Assets") to a joint venture comprised of Hilco Receivable, LLC, a Delaware limited liability company, and Tiger Capital Group, LLC, a Massachusetts limited liability company (as defined in the AR Agreement, the "Agent").

- The Agent will pay an initial purchase price of $3,100,000[3] (the "Guaranteed Amount") for the AR Assets.

- The Agent will retain the first $3.7 million[4] in proceeds from collection of the AR Assets (the "AR Threshold").

- The Agent will retain 20% of all proceeds received from collection of the AR Assets above the AR Threshold and will transfer to the Seller 80% of the proceeds from collection of the AR Assets over the AR Threshold.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the First Day Declaration.

[3] Minus 100% of the cash received by the Seller in respect of the AR Assets after September 17, 2019 and to and including the Closing Date.

[4] Minus any adjustment to the Guaranteed Amount.

**BASIS FOR RELIEF**

**A.     The Sale and Assignment of the AR Assets is an Exercise of the Debtors' Sound Business Judgment**

8.     The Debtors seek approval of the sale of the AR Assets pursuant to section 363(b) of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

9.     Bankruptcy Code section 363(b) does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate; however, bankruptcy courts have required that the authorization of such use, sale, or lease of property of the estate out of the ordinary course of business be based upon sound business justification. *See Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also In re Asarco*, 650 F.3d at 601; *In re Cowin*, No. 13-30984, 2014 WL 1168714, at *38 (Bankr. S.D. Tex. Mar. 21, 2014). Once the Debtors articulate a valid business justification, "[t]he business judgment rule is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.*, 86 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (". . . a presumption of reasonableness attaches to a Debtor's management decisions.").

10. As stated in the AR Agreement, the AR Assets totaled no less than $8,408,903 as of September 17, 2019. The Debtors will receive the Guaranteed Amount plus 80% of whatever is collected above the AR Threshold. The sale will save the Debtors the cost of collection and the risk of uncollectable accounts thereby maximizing value to the estate by having a third party collect the AR Assets for a reasonable fee. Given that the Debtors are working toward a plan of liquidation after the sale of substantially all of their assets, the Debtors, on their own, do not have the capacity or resources to collect the AR Assets. Rather than allow the AR Assets to age, the Debtors submit that this sale provides the maximum value to the estates for the AR Assets and is therefore an exercise of the Debtors' sound business judgment.

11. The Debtors, through their CRO, conducted a limited marketing process for the sale of the AR Assets. Through the CRO, the Debtors contacted Hilco Receivable, LLC ("Hilco") and Tiger Capital Group, LLC ("Tiger") to conduct diligence and submit bids for AR Assets, which resulted in a joint bid. The CRO then negotiated with Tiger and Hilco to improve upon the terms of the joint bid, which ultimately resulted in the AR Agreement. The CRO and/or members of his team also spoke to other potential bidders to market test the AR Agreement, but other parties only expressed interest in contingency type arrangements rather than paying a sum certain for the AR Assets.

**B.  The Court May Authorize the Sale Free and Clear of All Liens**

12. The Debtors submit that the Court may authorize the sale of the AR Assets free and clear of all liens, claims, and encumbrances because the Prepetition Secured Parties, who have liens on the AR Assets, consent to the sale of the AR Assets.

13. Section 363(f) allows the Debtors to sell the AR Assets free and clear of any interest in the AR Assets if:

      (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

      (2) such entity consents;

      (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

      (4) such interest is in a bona fide dispute; or

      (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

      14.     The Debtors maintain that section 363(f)(2) has been satisfied and, therefore, the Debtors may sell the AR Assets free and clear of all liens, claims, and encumbrances, with the Prepetition Secured Parties' liens attaching to the proceeds of the sale. The Prepetition Secured Parties, who hold liens on the AR Assets, consent to the sale. The Debtors are not aware of any other party asserting liens on the AR Assets. To the extent any such lien exists, the Debtors submit that any such lien, claim, or encumbrance will be adequately protected by attachment to the net proceeds of the sale, subject to any claims and defenses the Debtors may possess with respect thereto and/or the Debtors will obtain the consent of the party holding the lien, claim or encumbrance. Accordingly, the Debtors request that the AR Assets be sold to the Agent free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching to the proceeds of the sale of the AR Assets.

## **WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

      15.     Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to maximize value for their

estates. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

16.  Notice of this Motion shall be given to (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel for White Oak Global Advisors, LLC; (d) Acqua Liana Capital Partners, LLC; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (h) any party required to be served under Bankruptcy Local Rule 9013-1(d). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## CONCLUSION

17.  The Debtors respectfully request that this Court enter an Order granting the Debtors the authority to sell the AR Assets free and clear of all liens, claims, and encumbrances, pursuant to the AR Agreement, and granting such other and further relief as may be just and proper.

Dated: Houston, Texas
       October 16, 2019.

**PORTER HEDGES LLP**

By:  */s/ John F. Higgins*
     John F. Higgins (TX 09597500)
     Eric M. English (TX 24062714)
     M. Shane Johnson (TX 24083263)
     Genevieve M. Graham (TX 24085340)
     1000 Main Street, 36th Floor
     Houston, Texas 77002
     Telephone: (713) 226-6000
     Fax: (713) 226-6248

     **PROPOSED COUNSEL FOR DEBTORS
     AND DEBTORS IN POSSESSION**