**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **EPIC COMPANIES, LLC,** *et al.* | § | Case No. 19-34752 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| **EPIC DIVING & MARINE** | § | |
| **SERVICES, LLC,** | § | |
| | § | Adversary Proceeding |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No 19-_____ |
| | § | |
| **GOLIATH OFFSHORE** | § | |
| **HOLDINGS PTE, LTD,** | § | |
| | § | |
| Defendant. | § | |

**EPIC DIVING & MARINE SERVICES, LLC'S**
**COMPLAINT FOR TURNOVER OF SATURATION DIVING SYSTEM**

Epic Diving & Marine Services, LLC (the "Plaintiff"), files this *Complaint for Turnover of Saturation Diving System* (the "Complaint") against Goliath Offshore Holdings Pte. Ltd. (the "Defendant") pursuant to section 542(a) of title 11 of the United States Code (the "Bankruptcy Code") and alleges the following:

**SUMMARY**

1.     Pursuant to Section 542(a) of the Bankruptcy Code, the Plaintiff seeks the turnover of the Plaintiff's SAT6 / HOSS 2 Saturation Diving System, and related equipment and rigging

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 1080 Eldridge Parkway, Suite 1300, Houston, Texas 77077.

(collectively, the "SAT System") currently installed on the Nor Goliath (Official Number 9396933), a vessel flagged pursuant to the laws of the Marshall Islands (the "*Goliath*") from the Defendant so that the Debtors may deliver the SAT System in connection with an upcoming sale of their assets in conjunction with the Debtors' chapter 11 cases.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3.     The statutory bases for relief are Sections 362, 541 and 542 of the Bankruptcy Code, Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

4.     In accordance with Bankruptcy Local Rule 7008-1, the Plaintiff consents to the entry of final orders or judgments by this Court, if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5.     Additionally, this Court has jurisdiction over the SAT System. The filing of a bankruptcy petition vests "exclusive jurisdiction over the vessel in the court where the Title 11 proceeding was pending, depriving the admiralty court of jurisdiction over it." *In re La. Ship Mgmt., Inc.*, 761 F.2d 1025, 1026 (5th Cir. 1985); *Slay Warehousing Co., Inc. v. Modern Boats, Inc. (In re Modern Boats, Inc.)*, 775 F.2d 619, 620 (5th Cir. 1985). Given that the property the Plaintiff seeks to recover is property of the bankruptcy estate, jurisdiction is vested in this Court.

## PARTIES

6.      The Plaintiff is a limited liability company, organized under the laws of Delaware. The Plaintiff's mailing address, for the purpose of notice and communications is c/o Porter Hedges, LLP 1000 Main Street, 36th Floor, Houston, Texas 77002. The Plaintiff, along with the other Debtors, was a full-service provider to the global decommissioning, installation and maintenance markets, with their corporate headquarters in Houston, Texas. The Debtors' services included heavy lift, diving and marine, and well services.

7.      The Defendant is a private company, organized under the laws of Singapore. The Defendant's mailing address, solely for the purposes of notice and communications is c/o Phelps Dunbar, LLP, P.O. Box 2727, Mobile, AL 36652-2727 Attn: Danielle Mashburn-Myrick and Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010 Attn: Bruce J. Ruzinsky. The Defendant and its affiliated companies provide marine shipping services. Upon information and belief, the Defendant is the owner of the *Goliath*.

## FACTS

8.      On August 26, 2019 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

9.      The SAT System was originally owned by Ranger Offshore, Inc. ("Ranger") and was acquired by Navarro Capital Partners, LLC ("Navarro") in 2018, as part of an Asset Purchase Agreement between Ranger and Navarro. The SAT System was subsequently conveyed to the Plaintiff from Navarro. *See* **Exhibit 1**. The SAT System allowed the Plaintiff to send divers to work at great depths for prolonged periods of time during the Plaintiff's offshore construction and decommissioning operations. To perform such diving work, the SAT System was mounted on the

3

deck of the *Goliath*, which is owned by the Defendant. On information and belief, the SAT System was installed on the *Goliath* by Ranger, with such installation predating the transaction between Ranger and Navarro.

10.     Arc Controls, Inc. ("Arc Controls") alleges that it holds valid maritime liens on the *Goliath* due to approximately $153,101.59 in repairs and necessaries Arc Controls allegedly provided in April 2019, which were related to the SAT System. On July 12, 2019, Arc Controls asserted its rights under the purported maritime liens and filed suit *in rem* against the *Goliath* in the United States District Court for the Southern District of Mississippi [Case No. 1:19-cv-391-LG-RHW], which led to the *Goliath's* arrest. *See* **Exhibit 2**. Since the Goliath's arrest on July 12, 2019, other parties have intervened in the litigation. To date, the *Goliath* remains arrested in Mississippi with the SAT System onboard.

## CLAIMS FOR RELIEF

### I.     Turnover of Estate Property Under 11 U.S.C. § 542(a)

11.     The Plaintiff alleges and incorporates the preceding paragraphs into the following claim for relief.

12.     Section 541(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition creates a bankruptcy estate, which is comprised of "all legal or equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The Fifth Circuit has broadly interpreted this to include a debtor's interest, even though such interest is "conditional, future, speculative, or equitable in nature." *Haber Oil Co. v. Swinehart*, 12 F.3d 426, 435 (5th Cir. 1994); *Affiliated Computer Sys. Inc. v. Sherman (In re Kemp)*, 52 F.3d 546, 550 (5th Cir. 1995).

13.     Section 542(a) of the Bankruptcy Code states that "an entity . . . in possession, custody, or control during the case, of property that the trustee may use, sell, or lease . . . shall

4

deliver to the trustee, and account for, such property or the value of such property. . . ." 11 U.S.C. § 542(a).

14.     Section 105(a) of the Bankruptcy Code grants the Court the power to "issue, any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

15.     The SAT System is property of the Plaintiff's and Debtors' bankruptcy estates pursuant to Section 541(a)(1) of the Bankruptcy Code. *See* **Exhibit 1**.

16.     Accordingly, Section 542(a) of the Bankruptcy Code compels the Defendant to turnover the SAT System to the Plaintiff, so that the Debtors may include the SAT System in the upcoming sale of the Debtors' assets, and maximize the value of the Debtors' bankruptcy estate. The Plaintiff is willing to pay the costs incurred in the removal of the SAT System from the *Goliath*, to the extent funded by and through the Debtors' DIP financing.

17.     Furthermore, as noted above, this Court's may issue an order or judgment pursuant to its equitable powers that is necessary to preserve or protect the value of the Debtors' assets under Section 105(a) of the Bankruptcy Code including turnover of the SAT System.

## II.     Violation of the Automatic Stay Under 11 U.S.C. § 362(a)(3)

18.     Plaintiff alleges and incorporates the preceding paragraphs into the following claim for relief.

19.     Section 362(a)(3) of the Bankruptcy Code provides that

[A] petition filed under section 301, 302, or 303 of this title . . .operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. § 362(a)(3).

20. The Defendant's retention of the SAT System on the *Goliath* is an exercise of control over property of the Plaintiff's bankruptcy estate in violation of the automatic stay.

21. The Plaintiff requests that the Court issue a Judgment that the Defendant's possession of the SAT System on the *Goliath* is a violation of the automatic stay under Section 362(a)(3) of the Bankruptcy Code and direct the Defendant to promptly turnover the SAT System to the Plaintiff. The Plaintiff reserves all rights to assert any damages against the Defendant based on the Defendant's failure to turnover the SAT System in violation of the automatic stay.

## PRAYER FOR RELIEF

22. The Plaintiff respectfully request that this Court grant the relief requested in Count I of this Complaint, and that the Court enter the following Judgment against Defendant:

A. The Defendant's possession of the SAT System on the *Goliath* is a violation of the automatic stay under Section 362(a)(3) of the Bankruptcy Code.

B. The Plaintiff shall be allowed to remove the SAT System from the deck of the *Goliath* and bear the costs associated with its removal.

Dated: Houston, Texas
        November 5, 2019.

PORTER HEDGES LLP

By:    */s/ John F. Higgins*
        John F. Higgins (TX 09597500)
        Eric M. English (TX 24062714)
        M. Shane Johnson (TX 24083263)
        Genevieve M. Graham (TX 24085340)
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        Telephone: (713) 226-6000
        Fax: (713) 226-6248

**COUNSEL FOR EPIC DIVING & MARINE SERVICES, LLC**

6

## Exhibit 1

**Navarro Epic Conveyance**

10298433v7

EXECUTION VERSION

## AGREEMENT OF CONVEYANCE

This AGREEMENT OF CONVEYANCE (this "***Agreement***"), to be effective as of August 8, 2018 (the "***Effective Date***"), is made by and between Navarro Capital Partners, LLC, a Texas limited liability company (the "***Company***"), and Epic Diving & Marine Services, LLC, a Delaware limited liability company ("***EDM***" and together with the Company, each, a "***Party***" and collectively, the "***Parties***").

## RECITALS

WHEREAS, pursuant to that certain Asset Purchase Agreement (the "***Purchase Agreement***"), dated August 8, 2018, by and among the Company, Ranger Offshore, Inc., a Delaware corporation ("***Ranger***"), and SunTx Ranger Holdings, LLC, a Delaware limited liability company, Ranger agreed to sell, and the Company agreed to purchase, all of Ranger's right, title, and interest in, to, and under all of Ranger's assets used in connection with the operation of Ranger's business, both intangible and tangible (collectively, the "***Purchased Assets***");

WHEREAS, pursuant to Schedule 1(B) of the Purchase Agreement, Ranger and the Company agreed to include the following property within the definition of Purchased Assets, as more particularly described on Exhibit A attached hereto (the "***SAT System***"):

**Property:** SAT6/HOSS2

WHEREAS, EDM now owns all right, title, and interest in, to, and under the SAT System, and the Company owns no right, title, or interest in, to, or under the SAT System;

WHEREAS, for the avoidance of doubt, the Parties desire to memorialize the Conveyance (as defined below) to confirm EDM's complete ownership of all right, title, and interest in, to, and under the SAT System; and

WHEREAS, the Parties desire to enter into this Agreement pursuant to which, among other things, (i) the Company will agree to convey, assign, transfer, and deliver to EDM as of the Effective Date all of the Company's right, title, and interest in, to, and under the SAT System, and (ii) EDM will agree to accept from the Company as of the Effective Date all of the Company's right, title, and interest in, to, and under the SAT System.

NOW, THEREFORE, in consideration of the mutual convents and promises hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.      Conveyance. As of the Effective Date, the Company hereby conveys, assigns, transfers, and delivers to EDM, and EDM hereby accepts from the Company, all of the Company's right, title, and interest in, to, and under the SAT System (the "***Conveyance***").

2.      Assumption of Liabilities. Upon the Conveyance, the Parties hereby agree that EDM shall assume all liabilities associated with or arising from the SAT System, to the extent such liabilities, or the events or occurrences giving rise to such liabilities, arose on or after the Effective Date.

3.      Further Assurances. The Company hereby covenants that it will, at its sole expense, do, execute, and deliver, and will cause to be done, executed, and delivered, all such further acts, transfers,

10292926v3

assignments, conveyances, powers of attorney, and assurances for better conveying and confirming unto EDM the SAT System as EDM shall reasonably require.

4.  <u>Authority</u>. Each Party has all requisite power and authority to execute and deliver this Agreement, to carry out such Party's obligations hereunder, and to consummate the transactions contemplated hereby. Each Party has obtained all necessary corporate and governmental approvals for the execution and delivery of this Agreement, the performance of such Party's obligations hereunder, and the consummation of the transactions contemplated hereby.

5.  <u>Disclaimers</u>. EXCEPT FOR THE REPRESENTATIONS AND WARRANTIES CONTAINED IN <u>SECTION 3</u> AND <u>SECTION 4</u>, THE COMPANY MAKES NO (AND EDM WAIVES), AND SHALL NOT BE DEEMED TO MAKE ANY, OTHER EXPRESS OR IMPLIED REPRESENTATIONS OR WARRANTIES WITH RESPECT TO THE COMPANY, THE SAT SYSTEM, THE TRANSACTIONS CONTEMPLATED HEREBY, OR ANY OTHER MATTER, AND THE COMPANY HEREBY DISCLAIMS (AND EDM WAIVES) ANY OTHER EXPRESS OR IMPLIED REPRESENTATIONS OR WARRANTIES. THE PARTIES HEREBY UNDERSTAND AND AGREE THAT THE SAT SYSTEM IS BEING CONVEYED, ASSIGNED, TRANSFERRED, AND DELIVERED ON AN AS-IS BASIS, WITH NO WARRANTY AS TO QUALITY, FITNESS, MERCHANTABILITY, OR OTHERWISE.

6.  <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of each Party and such Party's respective successors and assigns.

7.  <u>Governing Law</u>. This Agreement shall be construed in accordance with the laws of the State of Texas, without giving effect to the choice of law principles thereof or any other jurisdiction.

8.  <u>Severability</u>. If any provision of this Agreement or the application of any such provision to any person or circumstance shall be held invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement.

9.  <u>Execution</u>. This Agreement may be executed by facsimile, Portable Document Format (.pdf), or other electronic means. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the undersigned hereby execute this Agreement to be effective as of the Effective Date.

<div style="margin-left: 40%;">

**NAVARRO CAPITAL PARTNERS, LLC**
a Texas limited liability company


By: _____
Name: Gregory Wagner
Title: Chief Operating Officer


**EPIC DIVING & MARINE SERVICES, LLC**
a Delaware limited liability company


By: _____
Name:    Jeffrey T. Varsalone
Title:       Chief Restructuring Officer

</div>

**<u>EXHIBIT A</u>**

**Description of SAT System**

(See attached.)

# SATURATION SYSTEM EPIC SAT-06

## MAIN PARTICULARS

| | |
|---|---|
| Owner | : Hallin Manne |
| Year Built | : 2008 |
| Classification society | : ABS |
| Classification standard | : ABS ✠ A1, Diving System |
| Certification/ Audit standard | : IMCA D018/ D024 |
| Depth rating | : 21 bar 200 msw |

## DIVE & SATURATION CONTROL UNIT

Dive / Bell control Panels comprising
Diver gas reclaim control panel
Bell services controls
Electrics, Communications & Analyzers, Hot water temp monitoring,
Carbon dioxide & oxygen analysis of divers gases
Through Water emergency communications,
Diver colour hat camera and video recording system controls
Bell internal video monitoring and controls
Chamber life support control panels DDC 1, TUP, HRC comprising
Unscrambler communications sets
Chamber depth & atmosphere monitoring and analysis
Chamber CCTV video monitoring & Gas distribution panel

## HYPERBARIC RESCUE CHAMBER 12 MAN

Onboard emergency gas and battery power for 72 hrs
12 man HRC c/w 12 x Full Seat Harness & approved Safety Helmets
1 x Toilet, Shower, Wash Basin
4 x HCU, 12 x BIBS complete with dump, Carbon dioxide scrubbers,
Medical Lock & Communications Transfer, 6 x Bunk Beds
Lifting Frame & Rigging, Towing Bridle

## LIFE SUPPORT MACHINERY UNIT

Electric Main / Emergency Distribution System
Dual Diver Hot Water Unit (100% Redundancy)
Environmental Control Unit (100% Redundancy)
Chamber Potable Water Unit (Hot/Cold)
Divex Air Driven Gas Reclaim Surface Unit
Aircon environment

## DIVING BELL 3 MAN

3 x Diver Excursion Umbilicals complete with reclaim hose
3 x Diver Helmet Mounted Colour Cameras & Lights
2 x Bell Carbon Dioxide Scrubber
1 x Bell Heater (Hot Water Unit)
2 x Diver Gas Reclaim (DGRS) Panel
Bell / Diver Communications Systems
Onboard Emergency Gas Cylinders & Power Battery
ABBF Air ration Bell Bump Frame, to assist bell through splash zone
Thru Water Communications
Telescopic Stand-off Frame
Hydraulic Bottom Door System
Internal & External Lights

## HRC EMERGENCY CONTROL UNIT

Control Panel
Communications & Analyzers
Environmental Control Heating & Cooling
Supplied with Emergency Gas
Supplied with Emergency Hook Up Umbilical



## CHAMBER VOLUMES

| | |
|---|---|
| Main DDC | : 21.40 m3 |
| TUP | : 5.80 m3 |
| HRC | : 19.26 m3 |
| Bell | : 5.00 m3 |
| DDC 2 | : Optional |

## MAIN SKID

A Frame & Bell Trolley
9 Man Living Chamber c/w 9 x Bunk Beds with Mattresses
9 x BIBS, 4 x HCU, Carbon Dioxide Scrubbers, Medical Lock
& Communications Transfer

## TUP

3 x BIBS complete with dump
1 x Toilet, Shower, Wash Basin, 1 x HCU,
Carbon Dioxide Scrubber & Communications

## WINCH SKID

Main Bell Winch (Hydraulic 10 T Man Riding)
Guide Wire Winch (Hydraulic 6 T Double Sheaved Man Riding
Recovery To Bell Catcher Hooks)
Umbilical Sheave (Hydraulic)

## OTHER EQUIPMENT

20 ft ISO Store / Workshop Container
260 m Bell Umbilical With Basket
3 x Gewel 601 Reclaim hats
2 x KMB 18B Band Mask
Deck Electrical / Gas Leads
Spreader Bar & Lifting Slings

## POWER REQUIREMENTS

| | |
|---|---|
| Electric Power Requirement | : 440 50/60Hz |
| Emergency Generator | : 250kVA |
| Compressed Air | : 400 cfm @ 90 psi |
| Seawater | : 25 gpm |
| Fresh Water | : 3 gpm |

**<u>Exhibit 2</u>**

**Arc Controls Complaint**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **ARC CONTROLS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CASE NO.:** __1:19-cv-391-LG-RHW__ |
| **v.** | ) |
| | ) |
| **M/V NOR GOLIATH, *in rem*, and** | ) |
| **GOLIATH OFFSHORE HOLDINGS** | ) **IN ADMIRALTY** |
| **PTE. LTD., *in personam*,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

The complaint of Arc Controls, Inc. ("Arc"), *in rem*, against the motor vessel NOR GOLIATH, Official Number 9396933, its masts, boilers, cables, engines, machinery, bowsprits, sails, riggings, bolts, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all other appurtenances, accessories, additions, improvements, and replacements now or hereinafter belonging thereto, whether or not removed therefrom, all of which shall be deemed to be included in the term "Vessel" herein, in a cause, civil and maritime, for the foreclosure of a maritime lien thereon, and alleges on information and belief as follows:

1.      At all times hereinafter mentioned, Plaintiff, Arc, was and is an Alabama corporation with its principal place of business in Mobile, Alabama.

2.      At all times hereinafter mentioned, Defendant Goliath Offshore Holdings Pte. Ltd. ("Goliath"), was and is a Singaporean corporation with its principal place of business in Singapore.

3.     At all times hereinafter mentioned, Defendant, M/V NOR GOLIATH, Official Number 9396933, is and was a Vessel documented pursuant to the laws of the Marshall Islands.

4.     On information and belief, the motor vessel NOR GOLIATH is now within the Southern District of Mississippi , and in the jurisdiction of this Honorable Court.

5.     Jurisdiction is founded upon Section 1333 of Title 28, United States Code, and Section 31325 of Title 46, United States Code, as amended and supplemented.  This is an admiralty and maritime claim within the meaning of Rule 9(h), *Federal Rules of Civil Procedure*.

## FIRST CAUSE OF ACTION

6.     On or about February 25, 2019, Epic Companies, LLC ("Epic"), on behalf of Goliath, issued Purchase Order No. 32583 to Arc requesting certain repairs and necessaries for the M/V NOR GOLIATH.  A true copy of the Purchase Order is attached hereto as Exhibit "A" and incorporated herein by reference.

7.     Arc commenced work on the repairs and provided the necessaries to the M/V NOR GOLIATH as requisitioned in the Purchase Order.  Beginning in April 2019, Arc issued invoices for the work performed and expenses incurred in accordance with Epic's instructions. A true copy of said invoices is attached hereto as Exhibit "B" and incorporated herein by reference.

8.     Demand has been made on Goliath to pay the indebtedness evidenced by the aforesaid invoices, and Goliath has failed and refused to pay the same.  The amount now due on said invoices to Plaintiff is in excess of $153,101.59.

9.     There are no other complaints filed against said Vessel in this court to the Plaintiff's knowledge.

WHEREFORE, the premises considered, the Plaintiff prays as follows:

A.    That process in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction, may issue against the said M/V NOR GOLIATH, together with all masts, boilers, cables, engines, machinery, bowsprits, sails, riggings, bolts, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all other appurtenances, accessories, additions, improvements, and replacements now or hereinafter belonging thereto, whether or not removed therefrom, and that all persons claiming interest in said Vessel may be cited to appear and answer the matters aforesaid, and that said Vessel may be condemned and sold to pay the demands and claims aforesaid, with interest and costs, and to pay any and all other amounts required to be paid to the Plaintiff, with interest, fees, and costs, and that Plaintiff may have such other and further relief as in law and justice it may be entitled to receive.

_/s/ H. Finn Cox, Jr._____
H. Finn Cox, Jr.            (MS Bar No. 104750)
_fcox@maynardcooper.com_

Attorney for Plaintiff, Arc Controls, Inc.

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama  36602
(t) 251.432.0001
(f) 251.432.0007

**Exhibits:**
A – Purchase Order
B – Invoices

Please arrest the Vessel as follows:

M/V NOR GOLIATH
Address:     Lying afloat at:
                      Port of Gulfport, Mississippi
                      1000 30th Avenue, South Extension
                      West Pier Terminal
                      Gulfport, Mississippi  39501

## **VERIFICATION**

STATE OF ALABAMA

COUNTY OF MOBILE

      Lucian Lott, being duly sworn, deposes and says:

      I am the President of the Plaintiff herein. I have read the foregoing complaint and note the contents thereof and that same is true to the best of my knowledge, information, and belief.

_____
                Lucian Lott

SUBSCRIBED AND SWORN TO
before me on this _12th_ day of
July, 2019.

_____
NOTARY PUBLIC
State of Alabama
My Commission Expires:_____

BETH ROGERS
NOTARY PUBLIC, ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES APR. 22, 2023

{04944463.1}          5

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

1:19-cv-391-LG-RHW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ARC CONTROLS, INC. | M/V NOR GOLIATH, in rem, and GOLIATH OFFSHORE HOLDINGS, PTE. LTD., in personam |
| **(b)** County of Residence of First Listed Plaintiff    Mobile County, AL<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Singapore<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>      THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>H. Finn Cox, Jr., Esq.; Maynard, Cooper & Gale, P.C.; RSA Battle House Tower, 11 N Water St, Ste. 24290, Mobile, AL 36602; 251.432.0001 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☒ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>  Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | | ☐ 895 Freedom of Information<br>  Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | ☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>28 U.S.C. Section 1333, 46 U.S.C. Section 31325<br>Brief description of cause:<br>Foreclosure of maritime lien |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | **DEMAND $**<br>153,101.59 | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   ☐ Yes   ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD | |
|---|---|---|
| 7/12/19 | *[signature]* | H. Finn Cox, Jr. (MS Bar No. 104750) |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT   $400.00 | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

#0538-4033981

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| ARC CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: _____ |
| v. | ) | |
| | ) | |
| M/V NOR GOLIATH, *in rem*, and | ) | |
| GOLIATH OFFSHORE HOLDINGS | ) | IN ADMIRALTY |
| PTE. LTD., *in personam*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

# EXHIBIT  A



# Epic Companies, LLC.
## Purchase Order

Arc Controls, Inc.
4875 Tufts Road

Mobile, AL 36619

| | |
|---|---|
| PO Number | **32583** |
| PO Date | 02/25/19 |
| Ship By | DELIVERY |
| Terms | Net 30 |

| LN | ITEM NUMBER | ITEM DESCRIPTION | PROM DATE | QTY | UNITS | UNIT COST | EXT COST |
|---|---|---|---|---|---|---|---|
| 1 | FABRICATION | Forgings | 02/25/2019 | 3 | Each | 9,500.00 | 28,500.00 |
| | Project Number | Project Name | Cost Category Id | Cost Category Name | | | |
| | 01.4000.4822.0 | DOE: HOSS2 | 2525-PO | Repairs | | | |
| 2 | FABRICATION | Machine NON-ABS Forgings (PVHO) | 02/25/2019 | 3 | Each | 8,500.00 | 25,500.00 |
| | Project Number | Project Name | Cost Category Id | Cost Category Name | | | |
| | 01.4000.4822.0 | DOE: HOSS2 | 2525-PO | Repairs | | | |
| 3 | FABRICATION | | 02/25/2019 | 1 | Each | 22,000.00 | 22,000.00 |
| | Project Number | Project Name | Cost Category Id | Cost Category Name | | | |
| | 01.4000.4822.0 | DOE: HOSS2 | 2525-PO | Repairs | | | |
| 4 | FABRICATION | Fabricating | 02/25/2019 | 1 | Each | 25,000.00 | 25,000.00 |
| | Project Number | Project Name | Cost Category Id | Cost Category Name | | | |
| | 01.4000.4822.0 | DOE: HOSS2 | 2525-PO | Repairs | | | |

Tag: Hoss-2/SAT-6 System
Req# S619-001
Vessel; Nor Goliath
(New Trunk from TL to HRC)

| | |
|---|---|
| Shipping | 0.00 |
| Tax | 0.00 |
| Other | 0.00 |
| **TOTAL** | **$101,000.00** |

SHIP TO:

Epic Companies
10656 Hwy 23
Belle Chasse, LA 70037

Epic Companies, LLC. is the billing and collection agent for Epic Diving & Marine Services, LLC., Epic Applied Technologies, LLC., Epic Specialty Services, LLC., Epic Alabama Shipyard, LLC., and TSB Offshore, Inc. Email invoices to apinvoices@epiccompanies.com in pdf or other acceptable format set forth in Epic's standard invoice guidelines. PO number must appear on all invoices, bills of lading, and acknowledgements relating to this PO. Failure to include PO number may delay processing of payments.

Printed: 2/25/2019 5:45:47 PM

EXHIBIT A
Complaint

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| ARC CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: _____ |
| v. | ) | |
| | ) | |
| M/V NOR GOLIATH, *in rem*, and | ) | |
| GOLIATH OFFSHORE HOLDINGS | ) | IN ADMIRALTY |
| PTE. LTD., *in personam*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>COMPLAINT</u>

# EXHIBIT  B

REMIT TO:

Arc Controls, Inc
4875 Tufts Rd
Mobile, AL 36619
Phone: (251) 666-2165
Fax: (251) 661-7409



INVOICE NO
**14520**



Division: Arc Mobile

SOLD TO   Epic
10656 HWY 23
Belle Chase, LA 70037

SHIP TO   10656 HWY 23
Belle Chase, LA 70037

| ACCOUNT NO | PO NUMBER | OUR JOB NO. | DATE SHIPPED | TERMS | INVOICE DATE | PAGE |
|---|---|---|---|---|---|---|
| EPIC | 32583 | 19-141 | | Net 15 | 4/1/2019 | 1 |

| QTY | DESCRIPTION | UNIT PRICE | EXTENDED |
|---|---|---|---|
| 2 | Line 5<br>Fabricate 2 ea 30" 90 deg elbows purchased for HOSS 2/ SAT 6 HRC Trunk<br><br>*material on hand, requesting Net 15 days* | $ 4,800.00 | $ 9,600.00 |

**TOTAL AMOUNT**   **$ 9,600.00**

Email  cd@arccontrols.com

Original Copy

EXHIBIT B
Complaint

REMIT TO:

Arc Controls, Inc
4875 Tufts Rd
Mobile, AL 36619
Phone: (251) 666-2165
Fax: (251) 661-7409



**INVOICE NO.**
**14560**



Division: Arc Mobile

SOLD TO
**Epic**
10656 HWY 23
Belle Chase, LA 70037

SHIP TO
10656 HWY 23
Belle Chase, LA 70037

| ACCOUNT NO. | PO NUMBER | OUR JOB NO. | DATE SHIPPED | TERMS | INVOICE DATE | PAGE |
|---|---|---|---|---|---|---|
| EPIC | 32583 | 19-141 | | Net 30 | 5/24/2019 | 1 |

| QTY | DESCRIPTION | UNIT PRICE | EXTENDED |
|---|---|---|---|
| | RE: SAT-6/HOSS-2 Trunks, Clamps and Mating Spools | | |
| | Our delivery ticket 14599 | | |
| | Scope of Work: | | |
| | 1. Fabricate 1 ea TUP/HRC Trunk including Closure Clamps. | | |
| | 2. Fab 1 ea HRC/TUP Spool | | |
| | 3. Fab 1 ea TUP/Bell Trunk including Closure Clamps. | | |
| | 4. Fab 1 ea BELL/TUP Spool | | |
| | 5. Add 1 ea additional interlock Swing Bolt system to each set of Clamps to meet PVHO requirements. | | |
| | 6. Supply one additional set of lead screw replacement nuts (2ea LH & 2 ea RH threads). | | |
| | 7. Trunks manufactured in accordance w/ASME Sec VIII, Div 1 2017. Each component U-Stamped. | | |
| | 8. NDE as required per ASME PVHO. | | |
| | 9. Pressure test | | |
| | 10. Provide all new fasteners, 4 sets total | | |
| | 11. Provide new O'rings | | |
| | 12. Sandblast and paint internally, externally zinc primed only. | | |
| | 13. Post paint, reassemble clamps on trunks followed w/function testing. | | |
| | 14. In Epic provided Conex, situate and secure trunks for shipping. | | |
| 1 | Final Invoice for Materials, Labor, Paint, testing, ASME Code Documentation | $ 143,501.59 | $ 143,501.59 |

**TOTAL AMOUNT  $ 143,501.59**

Email  cd@arccontrols.com

Original Copy

EXHIBIT B
Complaint