UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| EPIC COMPANIES, LLC, | § Case No. 19-34752 (DRJ) |
| | § |
| Debtors.[1] | § (Jointly Administered) |
| | § |

### DEBTORS' MOTION TO SELL CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**To the Honorable David R. Jones:**

Epic Companies, LLC ("Epic") and certain of its subsidiaries, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") file this *Motion to Sell Certain Real Property Free and Clear of Liens, Claims, and Encumbrances* (the "Motion").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 1080 Eldridge Parkway, Suite 1300, Houston, Texas 77077.

1

**SUMMARY OF MOTION**

1. The Debtors have received an offer to purchase certain of their real property, as further described below. The Debtors, based on the advice of their real estate advisors, believe that this offer represents the highest and best offer for the properties and will result in the maximum value to the estate. The Debtors believe that this real property is unencumbered, but are seeking to sell the property free and clear of all liens, claims, and encumbrances to the extent any may exist. The Debtors therefore request authority to sell the real property for $1,000,000 free and clear of all liens, claims, and encumbrances.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3. The statutory bases for relief are section 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 9013-1(i) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

**BACKGROUND**

**A.   Chapter 11 Cases**

4. On August 26, 2019 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On September 6, 2019, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors

2

(the "Committee"). No trustee or examiner has been appointed in the Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. The Debtors filed these Chapter 11 Cases to market and sell the Debtors' business as a going concern. Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of Kelton C. Tonn in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "First Day Declaration").[2]

**B. The Proposed Sale**

7. The Debtors have received an offer of $1,000,000 from Hope Services, Inc. ("Hope") to purchase the Debtors' following real property (collectively, the "Real Property"):

   a. 168 Menard Road, Houma, Louisiana 70363;

   b. 306 Menard Road, Houma, Louisiana 70363;

   c. 403 Menard Road, Houma, Louisiana 70363; and

   d. 600 Thompson Road, Houma, Louisiana 70363.

8. The Debtors therefore request authority to sell the Real Property to Hope for $1,000,000, free and clear of all liens, claims, and encumbrances.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

9. The Debtors request that the Court approve the sale of the Real Property, free and clear of all liens, claims, and encumbrances, to Hope for the purchase price of $1,000,000, pursuant

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the First Day Declaration.

3

10307736v3

to the Agreement to Purchase or Sell attached as **Exhibit A**. White Oak Global Advisors, LLC ("White Oak"), the Debtors' prepetition administrative agent and DIP Agent, and the Committee consent to the relief requested. The Debtors believe that the Real Property is unencumbered because White Oak does not hold a prepetition or DIP lien on the Real Property and the Debtors are not aware of any other liens or encumbrances on the Real Property. To the extent that any claim or lien may exist, however, the Debtors seek authority to sell the Real Property free and clear of all liens, claims, or encumbrances.

## BASIS FOR RELIEF

**A.    The Sale of the Real Property is an Exercise of the Debtors' Sound Business Judgment**

10.    The Debtors seek approval of the sale of the Real Property pursuant to section 363(b) of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

11.    Bankruptcy Code section 363(b) does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate; however, bankruptcy courts have required that the authorization of such use, sale, or lease of property of the estate out of the ordinary course of business be based upon sound business justification. *See Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also In re Asarco*, 650 F.3d at 601; *In re Cowin*, No. 13-30984, 2014 WL 1168714, at *38 (Bankr. S.D. Tex. Mar. 21, 2014). Once the Debtors articulate a valid

business justification, "[t]he business judgment rule is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.*, 86 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (". . . a presumption of reasonableness attaches to a Debtor's management decisions.").

12. The Debtors engaged Keen-Summit Capital Partners, LLC ("Keen"), the Debtors' real estate advisor,[3] to market and sell the Real Property. Keen's marketing efforts resulted in the offer to purchase the Real Property for $1,000,000, and a 10% deposit from Hope in the amount of $100,000.

13. In consultation with Keen, the Debtors believe that this offer constitutes the highest and best offer for the Real Property. The Debtors believe that holding an auction for the Real Property presents a risk that the Debtors would receive less than $1,000,000, resulting in less value to the estates. The Debtors submit that this sale provides the maximum value to the estates for the Real Property and is therefore an exercise of the Debtors' sound business judgment.

**B.    The Court May Authorize the Sale Free and Clear of All Liens**

14. The Debtors submit that the Court may authorize the sale of the Real Property free and clear of all liens, claims, and encumbrances because the Real Property is unencumbered.

15. Section 363(f) allows the Debtors to sell the Real Property free and clear of any interest in the Real Property if:

---

[3] On September 24, 2019, the Court approved the retention of Keen as the Debtors' real estate advisor by its *Order Authorizing Employment and Retention of Keen-Summit Capital Partners, LLC as Real Estate Advisor* [Docket No. 176].

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. If no party objects to the Motion, the Debtors submit that consent exists to the proposed sale under section 363(f)(2) of the Bankruptcy Code. *See Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent.") (internal citations omitted); *Hargrave v. Township of Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); *In re Porras*, No. 95-30583, 2001 WL 871286, at *3 (Bankr. W.D. Tex. July 9, 2001); *In re New Orleans Paddlewheels, Inc.*, No. 06-10413, 2007 WL 1035151, at *3 (Bankr. E.D. La. Apr. 2, 2007).

17. Accordingly, the Debtors request that the Real Property be sold to Hope free and clear of all liens, claims, and encumbrances.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

18. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). As described above, the

relief that the Debtors seek in this Motion is necessary for the Debtors to maximize value for their estates. Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

19.    Notice of this Motion shall be given to (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel for White Oak Global Advisors, LLC; (d) Acqua Liana Capital Partners, LLC; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (h) any party required to be served under Bankruptcy Local Rule 9013-1(d). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## CONCLUSION

20.    The Debtors respectfully request that this Court enter an Order granting the Debtors the authority to sell the Real Property free and clear of all liens, claims, and encumbrances and granting such other and further relief as may be just and proper.

10307736v3

Dated: Houston, Texas
November 15, 2019.

**PORTER HEDGES LLP**

By: */s/ John F. Higgins*
John F. Higgins (TX 09597500)
Eric M. English (TX 24062714)
M. Shane Johnson (TX 24083263)
Genevieve M. Graham (TX 24085340)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248

**COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION**