UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | § <br> § **Chapter 11** <br> § |
| **EPIC COMPANIES, LLC,** | § **Case No. 19-34752** <br> § |
| Debtors.¹ | § **(Jointly Administered)** <br> § |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER EXTENDING EXCLUSIVE PERIODS WITHIN
WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU OR AS OTHERWISE SET FORTH HEREIN. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Epic Companies, LLC ("Epic") and certain of its subsidiaries, as debtors and debtors-in-possession in the above-captioned cases (collectively the "Debtors"), hereby move (the "Motion")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), EPIC Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

this Court for entry of an order extending the exclusive periods within which the Debtors may file a Chapter 11 plan and solicit acceptances thereof. In support of this Motion, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1. By this motion and pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors seek entry of an order, substantially in the form attached hereto (the "Proposed Order") extending the Debtors' exclusive periods to (a) file a chapter 11 plan (the "Exclusive Filing Period") by 60 days through and including February 24, 2020 and (b) solicit votes (the "Exclusive Solicitation Period") thereon by 60 days through and including April 24, 2020 (collectively, the "Exclusive Periods"). The current Exclusive Filing Period and Exclusive Solicitation Period are set to expire on December 24, 2019 and February 24, 2020, respectively. The requested extension would be without prejudice to the rights of the Debtors to seek further extensions of the Exclusive Periods.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On August 26, 2019 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are being jointly administered for procedural purposes only.

4. On September 6, 2019, the Office of the United States Trustee for the Southern District of Texas appointed an Official Committee of Unsecured Creditors (the "Committee"). No

trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors continue to operate as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.  The Debtors were a full service provider to the global decommissioning, installation, and maintenance markets with their headquarters in Houston, Texas. The Debtors' services included heavy lift, diving and marine, specialty cutting and well plugging and abandonment services.

6.  The Debtors filed these Chapter 11 Cases to market and sell the Debtors' business as a going concern. Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases is set forth in the *Declaration of Kelton C. Tonn in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "First Day Declaration").

7.  On October 3, 2019, the Court entered its *Order (A) Approving Auction and Bid Procedures, Including Bid Protections, (B) Authorizing and Scheduling an Auction for the Sale of the Debtors' Assets, and (C) Granting Related Relief* [Docket No. 227].

8.  On October 4, 2019, the Court, at the Debtors' request and with the consent of the Committee and White Oak Global Advisors, LLC ("White Oak"), the Debtors' senior, pre-petition secured lender, entered its *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying Automatic Stay, and (V) Granting Related Relief* [Docket No. 234] (the "DIP Financing Order"). The DIP Financing Order set forth a "Challenge Deadline"[2] of November

---

[2] "Challenge Deadline" has the meaning attributed to it in paragraph 29 of the DIP Financing Order.

10348478v5

8, 2019, as the last day by which the Debtors' estates, including the Committee, could challenge certain stipulations in the Debtors' prepetition credit agreements and the validity of certain prepetition secured parties' (and their affiliates') claims and liens, or to otherwise assert any claims or causes of action against any such protected persons, including in an adversary proceeding or contested matter. *See* DIP Financing Order, at ¶ 29.

9. On November 5, 2019, the Committee filed the *Emergency Motion to Extend Deadline to Challenge Certain Prepetition Claims and Liens* [Docket No. 368] (the "Challenge Extension Motion"). The Court granted the Challenge Extension Motion on November 25, 2019, extending the Challenge Deadline to December 13, 2019 [Docket No. 443]. At a hearing on December 11, 2019, the parties agreed to further extend the Challenge Deadline to January 20, 2020. The Committee has indicated that it intends to file a Challenge (as defined in the DIP Financing Order) by the Challenge Deadline.

10. On November 15, 2019, the Court entered its *Order (I) Approving Successful Bidder's APA and Authorizing the Sale of Assets Outside the Ordinary Course of Business, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 418] (the "Sale Order"), which, among other things, authorized the sale of the Purchased Assets to White Oak.

11. The current Exclusive Filing Period and Exclusive Solicitation Period are set to expire on December 24, 2019 and February 24, 2020, respectively. The Debtors have not filed a motion to extend the Exclusive Periods before filing this Motion.

10348478v5

**BASIS FOR RELIEF**

**I.      Section 1121(d) Permits the Court to Extend the Exclusive Periods for "Cause."**

12.     Bankruptcy Code section 1121(b) establishes an initial 120-day period after the commencement of a chapter 11 case during which only the debtor may file a plan, and Bankruptcy Code section 1121(c)(3) provides an initial 180-day period after the commencement of a chapter 11 case to solicit acceptance of such plan. Bankruptcy Code section 1121(d)(1) permits a court to extend the debtor's exclusive period to file a plan and solicit acceptances thereof upon demonstration of "cause." For the reasons described in this Motion, the Debtors respectfully submit that "cause" exists to extend the Exclusive Periods.

13.     The Bankruptcy Code does not define "cause," but courts have construed "cause" in section 1121(d) to give the Bankruptcy Court "maximum flexibility to suit various types of reorganization proceedings." *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (citing *In re Public Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988)). The legislative history surrounding section 1121(d) indicates it should be viewed flexibly "in order to allow the debtor to reach an agreement [with creditors]." H.R. Rep. No. 95-595, at 232 (1977) (the "House Report"); *see also In re Public Serv. Co. of N. H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility"); *In re McLean Industr., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting the House Report).

14.     The decision to extend the Exclusive Periods is within the discretion of the Court and should be based on the facts and circumstances of the particular case. *See First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003).

15. In considering whether cause exists to extend a debtor's exclusivity periods, courts consider a variety of factors, including:

   a. the size and complexity of the case;

   b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

   c. the existence of good faith progress toward reorganization;

   d. the fact that the debtor is paying its bills as they come due;

   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   f. whether the debtor has made progress in negotiations with its creditors;

   g. the amount of time which has elapsed in the case;

   h. whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

   i. whether any unresolved contingency exists.

*In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997) (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended). Not all factors are relevant in every case and even one may be sufficient to extend a debtor's exclusivity periods. *See, e.g.*, *Express One*, 194 B.R. at 100–01 (listing the nine factors, but addressing only a few and relying only on the size and complexity of the case to determine that "cause" existed to extend exclusivity).

16. Courts in this district have approved similar relief in other chapter 11 cases. *See, e.g., In re Montco Offshore, Inc., et al.*, No. 17-31646 (MI) (Bankr. S.D. Tex. July 7, 2017) (granting an initial exclusivity extension of 58 days); *In re ABC Dentistry, P.A.*, No. 16-34221 (Bankr. S.D. Tex. Dec. 23, 2016) (MI) (granting an initial exclusivity extension of 79 days); *In re*

10348478v5

*Goldking Holdings, LLC, et al.*, No. 13-37200 (DRJ) (Bankr. S.D. Tex. Feb. 18, 2014) (granting an initial exclusivity extension of 89 days).

## II. Cause Exists to Extend the Debtors' Exclusive Periods

### A. *The Debtors' Chapter 11 Cases are Complex.*

17. Courts regularly extend the exclusivity periods under section 1121(d) of the Bankruptcy Code in complex chapter 11 cases to afford the debtor time to lay the groundwork for an effective chapter 11 plan before beginning the formal plan formulation, negotiation, filing, and solicitation process. *See, e.g., Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 296 (Bankr. W.D. Tenn. 1987) (approving five extensions of debtor's exclusivity because the debtor's case was unusually large and complex where there were only 100 creditors holding 225 claims totaling $10,000,000 against an estate valued at only $13,000,000). The size and complexity of a debtor's case alone may provide cause for extending a debtor's exclusivity periods. *See Express One*, 194 B.R. 100–01 (approving debtor's third exclusivity extension, noting that "[t]he traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization").

18. Here, the size and complexity of these Chapter 11 Cases warrant extension of the Exclusive Periods. As detailed in the First Day Declaration, the Chapter 11 Cases involve seven Debtors that together formed a full-service provider to the global decommissioning, installation and maintenance markets headquartered in Houston, Texas. *See* First Day Decl. at ¶ 10. The Debtors' services included heavy lift, diving and marine, specialty cutting and well plugging and abandonment services, but the Debtors currently have limited ongoing operations. *Id.* The Debtors estimate that they have over $100 million in liabilities, with hundreds of creditors. Of this amount, the Debtors estimate that the trade and other unsecured claims total in excess of $30 million as of

7

the Petition Date. *Id.* at ¶ 38. The Debtors have a complex capital structure involving senior and junior loan agreements, both of which are secured by substantially all of the Debtors' assets and pledges of equity interests in the borrower and guarantors party thereto. *See id.* at ¶¶ 28–35. In addition, prior to and after the Petition Date, the Debtors have expended significant resources to negotiate the sale of substantially all their assets to White Oak and maximize estate value. Extension of the Exclusive Periods is, therefore, justified on the basis of the size and complexity of these Chapter 11 Cases.

B. *The Debtors Need Sufficient Time to Negotiate a Plan and Prepare Adequate Information and Have Made Good Faith Progress Towards a Plan.*

19. Up to and after the Petition Date, the Debtors have made substantial progress in negotiating with their stakeholders and administering these Chapter 11 Cases, which warrants an extension of the Exclusive Periods. Since before the filing of these Chapter 11 Cases, the Debtors diligently negotiated the Stalking Horse Agreement with White Oak for sale of substantially all of the Debtors' assets in order to maximize estate value. On November 15, 2019, the Court entered the Sale Order approving the sale of the Purchased Assets.

20. The Debtors' progress in these Chapter 11 Cases includes the following accomplishments:

   a. <u>Filing Schedules of Assets and Liabilities and Statements of Financial Affairs</u>. On September 16, 2019 and September 25, 2019, the Debtors filed their schedules and statements of financial affairs for the seven Debtor entities.

   b. <u>Obtaining Critical and Operational Relief</u>. On October 4, 2019, the Court granted final approval of the Debtors' obtainment of postpetition financing and use of cash collateral, which provides liquidity to fund these Chapter 11 Cases [Docket No. 234].

   c. <u>Sale of the Debtors' Assets</u>. On October 24, 2019, the Court entered an order authorizing the Debtors to sell certain accounts receivable [Docket No. 343]. On November 15, 2019, the Court entered the Sale Order, authorizing the sale of substantially all of the Debtors' assets to White Oak [Docket No. 418].

21. The Debtors continue to work toward proposing a plan that will be accepted by its major stakeholders (including the Committee and White Oak). The Committee and White Oak have, however, agreed to multiple extensions of the Challenge Deadline in the DIP Financing Order. A consensual plan cannot be proposed until any claims asserted by the Committee against White Oak are resolved. The Debtors, therefore, require additional time to propose a plan (whether consensual or not) and solicit its acceptance. The Debtors' progress in working with key stakeholders in these Chapter 11 Cases and the obstacles posed by the extended Challenge Deadline support the extension of the Exclusive Periods. In addition, both the Committee and White Oak have consented to the relief requested in this Motion.

C. *The Debtors Are Paying Their Bills as They Come Due.*

22. The Debtors have paid their undisputed postpetition debts necessary for the sale process in the ordinary course of business or as otherwise provided by Court order.

D. *Relatively Little Time Has Elapsed in These Chapter 11 Cases.*

23. This request for an extension of the Exclusive Periods is the Debtors' first such request and comes a little over three months after the Petition Date. Courts regularly grant a debtor's initial request for an exclusivity extension. The earliness of these Chapter 11 Cases supports the requested extension of the Exclusive Periods.

E. *An Extension of the Exclusive Periods Will Not Prejudice Creditors and Is Not Intended to Pressure Creditors.*

24. Extending the Exclusive Periods benefits all parties in interest by preventing a drain on time and resources, which inevitably occurs when multiple parties with potentially divergent interests compete for the consideration of their own respective plans. Given that the Court approved the sale of substantially all of the Debtors' assets and the associated timelines, the

Debtors should be able to earnestly pursue the development, solicitation, and confirmation of a consensual plan. This Motion is not filed for purposes of delay but to afford the Debtors, an opportunity to further develop a consensual plan favorable to major stakeholders (including the Committee and White Oak). The extension requested is reasonable and realistic in view of the circumstances of this case.

## NOTICE

25. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel for the Committee; (c) counsel for White Oak Global Advisors, LLC; (d) counsel for Acqua Liana Capital Partners, LLC; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) any party that has requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure as of the time of service; and (h) any party required to be served under Bankruptcy Local Rule 9013-1(d). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

## CONCLUSION

26. The Debtors respectfully request that this Court (i) grant the Debtors a 60-day extension of the Exclusive Filing Period through and including February 24, 2020; (ii) grant the Debtors a 60-day extension of the Exclusive Solicitation Period through and including April 24, 2020; and (iii) grant the Debtors such other and further relief as the Court may deem just and proper.

10348478v5

Dated: Houston, Texas
December 12, 2019

                                **PORTER HEDGES LLP**

By:    */s/ John F. Higgins*
        John F. Higgins (TX 09597500)
        Eric M. English (TX 24062714)
        M. Shane Johnson (TX 24083263)
        Genevieve M. Graham (TX 24085340)
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        Telephone: (713) 226-6000
        Fax: (713) 226-6248

**COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION**

10348478v5