## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EPIC COMPANIES, LLC, *et al.* | § | Case No. 19-34752 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

| | | |
|---|---|---|
| EPIC APPLIED TECHNOLOGIES, LLC, | § | |
| | § | **Adversary Proceeding** |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No 20-_____ |
| | § | |
| WRIGHT'S WELL CONTROL | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

### EPIC APPLIED TECHNOLOGIES, LLC'S COMPLAINT FOR DAMAGES

Epic Applied Technologies, LLC, (the "Plaintiff"), files this *Complaint for Damages* (the "Complaint") against Wright's Well Control Services, LLC ("WWCS" or the "Defendant").

### SUMMARY

1.     The Plaintiff respectfully requests entry of a Judgment and Order awarding damages to the Plaintiff for WWCS' failure to pay amounts due under the Equipment Rental Agreement (as defined below).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

10450429v3

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (C). The Defendant has submitted to this Court's jurisdiction by filing proofs of claim and its *Joint Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) for Clean-up and Maintenance Expenses of the Lake Charles Property* [Case No. 19-34752, Docket No. 510] (the "Admin Expense Motion"),[2] which is related to the Equipment Rental Agreement that forms the basis of the Plaintiff's Complaint. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for relief are the Equipment Rental Agreement, Sections 541 and 553 of title 11 of the United States Code (the "Bankruptcy Code"), Tex. Civ. Prac. & Rem. Code § 38.001(8), Tex. Fin. Code § 304.003(c), Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

4.      In accordance with Bankruptcy Local Rule 7008-1, the Plaintiff consents to the entry of final orders or judgments by this Court, if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## PARTIES

5.      The Plaintiff is a limited liability company, organized under the laws of Delaware. The Plaintiff's mailing address, for the purpose of notice and communications is c/o Porter Hedges, LLP 1000 Main Street, 36th Floor, Houston, Texas 77002. The Plaintiff, along with the other

---

[2] The Debtors have filed an objection to the Admin Expense Motion. *See* [Case No. 19-34752, Docket No. 562].

10450429v3

Debtors (as defined below), were a full-service provider to the global decommissioning, installation and maintenance markets, with their corporate headquarters in Houston, Texas. The Debtors' services included heavy lift, diving and marine, and well services.

6.      The Defendant is a limited liability company, organized under the laws of Texas. The Defendant can be served through its registered agent at Wright's Well Control Services, LLC, c/o Jeffrey W. Wells, 10223 Broadway, Suite #P-347, Pearland, Texas 77584 and its counsel at Matthews, Lawson, McCutcheon & Joseph PLLC, Terry B. Joseph and John D. Holman, 2000 Bering Dr., Suite 700, Houston, Texas 77057.

## FACTS

7.      On August 26, 2019 (the "Petition Date"), the Plaintiff and certain affiliates (collectively, the "Debtors") each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b) under Case No. 19-34752.

8.      As of the Petition Date, the Plaintiff and the Defendant were parties to that certain Equipment Rental Agreement (the "Equipment Rental Agreement"), by and between the Plaintiff and the Defendant, effective as of August 15, 2019, for the rental of certain equipment (the "Equipment") as listed on the Equipment Rental Agreement, attached hereto as **Exhibit A**. The Equipment Rental Agreement is governed by Texas law. *See* Equipment Rental Agreement, § 21(e). "The monthly rental rate for the Equipment [was] fifty thousand U.S. dollars ($50,000) per month, payable in arrears, and paid no later than thirty days from [the Defendant's] receipt of [the Plaintiff's] monthly invoice." *Id.* at § 2.[3] The Plaintiff invoiced the Defendant for the monthly

---

[3] Section 2 of the Equipment Rental Agreement provides in full that:

The term of this Agreement is six months (as may be extended pursuant to the terms of this Section 2, the "Term"). The Term shall commence on August 15, 2019 (hereinafter the "Effective Date"). Unless terminated as set forth in

10450429v3

amounts due under the Equipment Rental Agreement on September 24, 2019 and October 31, 2019. *See* Invoices attached hereto as **Exhibits B and C**. The Defendant has failed to pay any amounts due under the Equipment Rental Agreement.

9.      The Defendant is also required to release, protect, defend, indemnify and hold the Plaintiff harmless for any loss, damage, liability, suit, expense, cost or claim related to the Equipment or the use or maintenance of the Equipment by the Defendant. *See* Equipment Rental Agreement, § 14(a).[4] "All indemnities set forth in [the Equipment Rental Agreement] shall survive the termination of [the Equipment Rental Agreement]." *Id.* at § 2.

10.      By Order of the Court and with the Defendant's consent, the Debtors rejected the Equipment Rental Agreement effective November 1, 2019. *See Order Granting Debtors' Emergency Motion to Reject Equipment Rental Agreement* [Case No. 19-34752, Docket No. 419] (the "Rejection Order"), attached hereto as **Exhibit D**. The Rejection Order required the Defendant

---

the following sentence, Lessee may may extend the Term for an additional six ( 6) months by giving written notice, to Lessor, at least ten (10) days prior to the expiration of the initial six-month Term of this Agreement that commences on the Effective Date. In the event of a sale of the Equipment pursuant to Section 363 of the U.S. Bankruptcy Code (a "363 Sale"), this Agreement shall terminate on the effective date of the 363 Sale. Upon the termination of this Agreement, if requested by the buyer of the Equipment pursuant to the 363 Sale, Lessee shall return the Equipment within forty-five ( 45) days after such written notice and in compliance with all permitting requirements. The monthly rental rate for the Equipment is fifty thousand U.S. dollars ($50,000) per month, payable in arrears, and paid no later than thirty days from Lessee's receipt of Lessor's monthly invoice. Lessor shall invoice Lessee monthly in arrears on the last day of the month. All payments by Lessee hereunder shall be payable at the office of Lessor set forth below, or at such other place as Lessor from time to time may designate in writing. Lessee may satisfy rental payment obligations to Lessor by offsetting rental payment obligations with sums owed to Lessee by Lessor under any other agreement or contract. After termination of this Agreement, all obligations of the parties shall cease except for the obligations of defense and indemnification as provided for in the Agreement. All indemnities set forth in the Agreement shall survive the termination of the Agreement. Lessee shall deliver possession of the Equipment, to the Lessor, at the same place at which it was received by Lessee and promptly upon the termination of this Agreement as set forth above.

[4] Section 14(a) of the Equipment Rental Agreement provides in full that:

Lessee shall release, protect, defend, indemnify and hold Lessor harmless from and against any loss, damage, liability, suit, expense, cost or claim for loss of or damage to Lessor's or Lessee's or Lessee's contractors' property or injury to or death of Lessor's or Lessee's or Lessee's contractors' employees, officers or directors to the extent arising out of or related to the Equipment or the use thereof by Lessee hereunder or performance of maintenance on the Equipment whether such maintenance is performed under this Agreement or some other agreement however occurring, including Lessor's negligence or strict liability but excluding Lessor's gross negligence or willful misconduct.

10450429v3

to return all of the Equipment to the Debtors by November 29, 2019. *See* Rejection Order, ¶ 3. However, the Defendant did not allow the Plaintiff to begin removing the Equipment from the Defendant's facility until January 8, 2020.

11.    On November 15, 2019, the Bankruptcy Court entered an *Order (I) Approving Successful Bidder's APA and Authorizing the Sale of Assets Outside the Ordinary Course of Business, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Case No. 19-34752, Docket No. 418] (the "Sale Order"), approving the sale of substantially all of the assets of the Debtors, including the Equipment, to White Oak Global Advisors, LLC ("White Oak").

12.    The Sale Order, among other things, approved that certain Asset Purchase Agreement by and among Epic Applied Technologies, LLC, Epic Companies, LLC, Epic Diving & Marine Services, LLC and White Oak (the "APA"), and included the sale of the Equipment to White Oak.

## CLAIMS FOR RELIEF

### I.    Count 1: Contract Damages

13.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14.    The Equipment Rental Agreement between the Plaintiff and Defendant was in effect from August 15, 2019 until November 1, 2019.

15.    During such time, $125,000 in Defendants' obligations accrued under the Equipment Rental Agreement.

16.     The Plaintiff properly invoiced the Defendant and it has been more than 30 days since the Plaintiff invoiced the Defendant, yet the Defendant has not paid the Plaintiff any amounts due under the Equipment Rental Agreement. The Defendant has previously asserted the right to offset the amounts owed under the Equipment Rental Agreement against amounts allegedly owed to the Defendant under other agreements, but the offset provision in the Equipment Rental Agreement[5] is limited to amounts due from the Plaintiff. The Defendant has not asserted any claims against the Plaintiff in the Debtors' Chapter 11 Cases. Furthermore, the Plaintiff did not enter into any other agreements with the Defendant.

17.     The Defendant also violated the Rejection Order and did not allow the Plaintiff to obtain possession of the Equipment until January 8, 2020, which was 40 days after it was required to do so.

18.     Accordingly, the Defendant owes the Plaintiff the pro-rated amount ($65,753.42) for use of the Equipment for an additional 40 days.

19.     In total, the Defendant owes the Plaintiff $190,753.42 plus the Plaintiff's reasonable attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001(8) and postjudgment interest under Tex. Fin. Code § 304.003(c).

## II.     Count 2: Indemnification and Setoff

20.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 as if fully set forth herein.

21.     The Defendant is also required to release, protect, defend, indemnify and hold the Plaintiff harmless for any loss, damage, liability, suit, expense, cost or claim related to the

---

[5] Section 2 of the Equipment Rental Agreement provides in relevant part that "Lessee [WWCS] may satisfy rental payment obligations to Lessor [Epic Applied Technologies, LLC] by offsetting rental payment obligations with sums owed to Lessee by Lessor under any other agreement or contract."

6

Equipment or the use or maintenance of the Equipment by the Defendant. *See* Equipment Rental Agreement, § 14(a).

22.     To the extent the Court awards the Defendant a claim against the Plaintiff related to the Equipment or the use or maintenance of the Equipment by the Defendant, including based on the Admin Expense Motion, (i) the Defendant must indemnify the Plaintiff for the amount of the allowed claim plus the Plaintiff's attorney's fees related to such claim; and (ii) the Plaintiff is entitled to setoff the amount of any allowed claim against the damages awarded pursuant to this Complaint under section 553 of the Bankruptcy Code.

## **PRAYER FOR RELIEF**

23.     The Plaintiff respectfully requests that this Court:

A.     Enter an Order and Judgment against the Defendant awarding the Plaintiff damages in the amount of $190,753.42, plus postjudgment interest;

B.     Order that the Plaintiff has and recovers against the Defendant all reasonable attorney's fees and expenses incurred;

C.     Order that the (i) Defendant shall indemnify the Plaintiff for the amount of any allowed claim against the Plaintiff related to the Equipment or the use or maintenance of the Equipment by the Defendant, plus the Plaintiff's attorney's fees related to such claim, and (ii) the Plaintiff is entitled to setoff the amount of any allowed claim against the damages awarded pursuant to this Complaint; and

D.     Order that the Plaintiff has such other and further relief as the Court may deem just and proper.

10450429v3

Dated: Houston, Texas
   February 17, 2020.

             **PORTER HEDGES LLP**

      By:  */s/ John F. Higgins*
         John F. Higgins (TX 09597500)
         Eric M. English (TX 24062714)
         M. Shane Johnson (TX 24083263)
         Genevieve M. Graham (TX 24085340)
         1000 Main Street, 36th Floor
         Houston, Texas 77002
         Telephone: (713) 226-6000
         Fax: (713) 226-6248

         **COUNSEL FOR PLAINTIFF**

10450429v3