

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
02/19/2020

|  |  |
|---|---|
| **In re:** | §   **Chapter 11** |
|  | § |
| **EPIC COMPANIES, LLC,** | §   **Case No. 19-34752 (DRJ)** |
|  | § |
| **Debtors.**[1] | §   **(Jointly Administered)** |
|  | § |

## ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT, (II) APPROVING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN, AND (III) GRANTING RELATED RELIEF

[Relates to Doc. No. 583]

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors") filed

their motion (the "Motion")[2] for an order under Bankruptcy Code sections 105(a), 363(b), 1125,

1126, and 1128, Bankruptcy Rules 3016, 3017, 3018, 3020, and 6004, Bankruptcy Local Rules

2002-1 and 9013-1, and the Complex Chapter 11 Procedures:

    (i)    Conditionally approving the Disclosure Statement; and

    (ii)    Approving certain procedures (the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the Plan, including:

        a.    the forms of ballots for submitting votes on the Plan; and

        b.    the form and manner of notice to the Non-Voting Classes (the "Notice of Non-Voting Status");

all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and

the testimony at the hearing; and the Court having jurisdiction to consider the Motion and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

10327347v7

requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein as being in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**It is hereby ORDERED that**:

1.      The Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest objecting to the Disclosure Statement at the Combined Hearing.

2.      The Solicitation Procedures proposed to be utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved. In addition to the Plan, the Disclosure Statement, any applicable Ballot(s), and the Committee Letter in Support of the Plan, the Solicitation Package shall also include a copy of this Order and the Combined Notice.

3.      The following confirmation schedule is hereby approved:

| Event | Deadline |
|---|---|
| Voting Record Date | February 14, 2020 |
| Commencement of Plan Solicitation and Mailing of Combined Notice | February 24, 2020 |
| Plan Supplement Filing Deadline | March 17, 2020 |

| Event | Deadline |
|---|---|
| Plan Voting Deadline and Deadline to Object to Disclosure Statement and Confirmation | March 24, 2020 at 5 p.m. (Prevailing Central Time) |
| Deadline to File Voting Affidavit | March 26, 2020 |
| Deadline to file Consolidated Brief and Reply in Support of Confirmation | March 30, 2020 |
| Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan | April 1, 2020 at 2:00 p.m. (Prevailing Central Time |

4.     The Ballot for Class 3 (Prepetition Senior Credit Agreement Claims) and the Ballot for Class 4 (Prepetition Junior Credit Agreement Claims), substantially in the forms attached hereto as **Exhibit 1 and 2** respectively, are approved.

5.     The Ballot for Class 5 (General Unsecured Claims), substantially in the form attached hereto as **Exhibit 3**, is approved.

6.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtors' rights in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan be in an amount determined by the following procedures:

a)  if a Claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such claim will be temporarily allowed solely for voting purposes in the deemed allowed amount set forth therein;

b)  if a claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), the claimant has not sought estimation, and such claim has not been allowed, such Claim shall be temporarily allowed solely for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c)  if a Claim, for which a proof of claim was timely filed, is listed on the face of the filed Claim as contingent, unliquidated, or disputed in part, and the claimant has not sought estimation, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed solely for voting purposes only, and not for purposes of allowance or distribution;

d) if a Claim for which a proof of claim was timely filed or was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed solely for voting in the amount set forth on the proof of claim or the Debtors' filed Schedules;

e) if a Claim, for which a proof of claim was timely filed, is also listed in the Debtors' Schedules, then the proof of claim shall supersede the scheduled Claim to the extent the proof of claim is liquidated, non-contingent, and undisputed;

f) if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court solely for voting purposes only, and not for purposes of allowance or distribution;

g) if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

h) proofs of claim filed for $0.00 are not entitled to vote;

i) if any Debtor or party in interest has filed an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed solely for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

j) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

k) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

l) if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether any Debtor or party

in interest has objected to the earlier filed claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

7.    The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, is approved. The Debtors are authorized to send the Notice of Non-Voting Status to the Non-Voting Holders in lieu of sending copies of the Plan and Disclosure Statement.

8.    The Combined Notice, substantially in the form attached hereto as **Exhibit 5**, is approved.

9.    The Committee Letter in support of the Plan, substantially in the form attached hereto as **Exhibit 6**, is approved.

10.    In tabulating the Ballots, the following procedures shall apply:

a)  any Ballot that is properly completed, executed and timely returned as directed, but does not indicate an acceptance or rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan;

b)  any Ballot that is properly completed, executed and timely returned as directed, and indicates both an acceptance or rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan;

c)  any unsigned Ballot will not be counted;

d)  any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Plan;

e)  if more than one Ballot voting the same claim is cast before the Voting Deadline, the last valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots;

f)  Ballots received after the Voting Deadline will not be counted; *provided that* the Plan Proponents may agree to extend the Voting Deadline; and

g)  any Class that contains Claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

10327347v7

11.     No Plan Proponent nor the Voting Agent, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

12.     The Plan Proponents may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Affidavit.

13.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15.     The Plan Proponents are authorized to take all steps necessary or appropriate to carry out the relief granted pursuant to this Order in accordance with the Motion.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Signed:  February 19, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

10327347v7

## Exhibit 1

**Form of Ballot for Class 3 (Prepetition Senior Credit Agreement Claims)**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **EPIC COMPANIES, LLC,** | § | **Case No. 19-34752 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

### BALLOT FOR ACCEPTING OR REJECTING
### JOINT PLAN OF LIQUIDATION OF EPIC COMPANIES, LLC AND ITS
### DEBTOR SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### CLASS 3: PREPETITION SENIOR CREDIT AGREEMENT CLAIMS

> **THE VOTING DEADLINE TO ACCEPT OR REJECT
> THE PLAN IS MARCH [24], 2020 AT 5:00 P.M.
> (PREVAILING CENTRAL TIME).**

**TO HAVE YOUR VOTE ON THE PLAN AND ANY OPT-OUT OF THE RELEASES COUNTED, YOU MUST SUBMIT YOUR VOTE AND DECISION TO OPT-OUT OF THE RELEASES (OR NOT) TO EPIQ CORPORATE RESTRUCTURING, LLC (THE "VOTING AGENT") SO THAT THE VOTING AGENT ACTUALLY RECEIVES THE BALLOT BY MARCH [24], 2020 AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), along with the Official Committee of Unsecured Creditors (the "Committee", and with the Debtors, the "Plan Proponents") are soliciting votes with respect to the *Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Plan"),[2] which is being proposed by the Plan Proponents and which is described in the accompanying *Disclosure Statement for the Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has conditionally approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

[2] Capitalized terms not otherwise defined have the meaning ascribed to them in the Plan.

Bankruptcy Code, as well as certain procedures and materials for the solicitation of votes to accept or reject the Plan, pursuant to an order dated February [__], 2020 (the "Disclosure Statement Order"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because the Debtors' records identified you as a holder of a Prepetition Senior Credit Agreement Claim and accordingly, you have the right to vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

Your rights are described in the Disclosure Statement, which is accessible from the Debtors' restructuring website: https://dm.epiq11.com/ECL. If you need additional information or pleadings filed in these Chapter 11 Cases you may (a) contact the Debtors' Voting Agent, Epiq Corporate Restructuring, LLC, by toll-free call for callers within the U.S. and Canada at 1-866-897-6433, by toll call for callers outside of the U.S. and Canada at 1-646-282-2500 and request to speak with a member of the Solicitation Team, by email to tabulation@epiqglobal.com with a reference to "Epic Companies" in the subject line, or by writing to Epic Companies, LLC – Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at https://dm.epiq11.com/ECL. Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.txs.uscourts.gov/bankruptcy. Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than casting a vote to accept or reject the Plan, making certain decisions regarding releases, and making certain certifications. If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3.

**To have your vote counted, you must complete, sign and return this Ballot to the Voting Agent before the Voting Deadline. Ballots should not be sent to the Debtors, the Committee, the United States Trustee, the Bankruptcy Court, the Prepetition Agents or their respective attorneys.**

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN AND/OR OPT-OUT OF THE RELEASES (OR NOT). PLEASE READ THE ATTACHED**

**VOTING INFORMATION AND INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

<u>**PLEASE REVIEW AND COMPLETE ITEMS 1 – 4 BELOW**</u>

**Item 1. Amount of Claim**

The undersigned hereby certifies that as of February 14, 2020 (the "<u>Voting Record Date</u>"), the undersigned was the Holder of a Prepetition Senior Credit Agreement Claim in Class 3 in the following aggregate amount:[3]



**Item 2. Vote on Plan**

The Holder of the Claim set forth in Item 1 votes to (please check only one box):

| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |
|---|---|---|---|

Any Ballot that is executed by the Holder of a Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted for voting purposes.

**Item 3. Election Regarding the Release by Holders of Claims**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

*<u>**Relevant Plan Release Provision**</u>*:

Article X.D *Releases by Holders of Claims*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors and the other Released Parties from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened,**

---

[3] For voting purposes only, subject to tabulation rules.

existing or hereafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively "*Third Party Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or any other Released Party, on one hand, and any Releasing Party, on the other hand, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Plan or the Distributions and related documents or other property under the Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Third Party Releases*" shall not operate to waive or release (i) any Causes of Action of any Debtor or Estate arising from any act or omission of a Released Party that are found, pursuant to a Final Order, to be the result of such Released Party's actual fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed in connection with the Plan, or (iii) any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties; *provided, further*, that nothing contained in these provisions or in this Release shall affect the rights of Holders that elect the Release Opt-Out on their respective ballots.

### *Relevant Definitions Related to Release Provision*:

"*Insiders*" means an entity as defined in section 101(31) of the Bankruptcy Code, and includes, without limitation, Thomas Clarke, Ana Clarke, David Wiley, Orinoco Natural Resources, LLC, Oakridge Energy Partners LLC, or Clarke Investments, LLC, or any such Entity's current or former Affiliates (other than the Debtors). Notwithstanding anything herein to the contrary, the definition of "Insiders" shall not include Kelton C. Tonn.

"*Prepetition Agents*" means the Prepetition Senior Agent and the Prepetition Junior Agent.

"*Prepetition Junior Agent*" means Acqua Liana as administrative agent under the Prepetition Junior Credit Agreement.

"*Prepetition Senior Agent*" means White Oak as administrative agent under the Prepetition Senior Credit Agreement.

"*Released Party*" means, collectively, and in each case in its capacity as such, (a) the Debtors, (b) the Chief Restructuring Officer, (c) G2 Capital Advisors, LLC, (d) Kelton C. Tonn, and (e) with respect to each of the foregoing Entities in clauses (a) through (c), each such Entity's

current subsidiaries and its officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals as of the Petition Date, including in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Released Party" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

"*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) the Debtors, (b) each Holder of a Claim that is deemed to accept the Plan, (c) each other Holder of a Claim that is entitled to vote on the Plan and does not elect the Release Opt-Out on its Ballot, and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's current subsidiaries, and its and their managed accounts or funds, such Entity and its current officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals, in their capacities as such, including but not limited to in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and predecessors and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Releasing Parties" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

### *Election to Opt Out*:

The Holder of the Claim set forth in Item 1 elects to:

| | |
|---|---|
| ☐ | **OPT OUT** of the Third Party Releases |

*[Remainder of page intentionally blank]*

**Item 4. Certifications and Acknowledgements**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Plan Proponents:

1.    that either: (A) the undersigned is the holder of the Claims being voted, or (B) the undersigned is an authorized signatory for a holder of the Claims being voted;

2.    that the undersigned has received a copy of the Disclosure Statement and the Plan; and

3.    that no other Ballots with respect to the amount of the Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim, then any such earlier received Ballots are hereby revoked.

_____
Name of Claimant

_____
Signature

_____
Name of Signatory if other than Claimant

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number and Email Address

_____
Date Completed

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED, OR AS DIRECTED IN ITEM 6 OF THE INSTRUCTIONS.**

**IN ORDER FOR YOUR VOTE TO COUNT, YOUR BALLOT MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON MARCH [24], 2020.**

## VOTING INFORMATION AND
## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  The Plan Proponents are soliciting votes with respect to the Plan.

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you. Please review the Disclosure Statement and Plan for more information.**

3.  In Item 1, please indicate the amount of your Claim for voting purposes. Your Claim amount may be pre-printed, in which case you are to review this amount and contact the Voting Agent if you believe your Claim amount for voting purposes has been listed in error.

4.  In the boxes provided in Item 2 of the Ballot, please indicate acceptance or rejection of the Plan.

5.  Regardless of whether you voted to accept the Plan (including voting to reject the Plan or abstaining from voting), you may opt out of the release by Holders of Claims (*i.e.*, the Third Party Release) by checking the box provided in Item 3 of the Ballot. *If you are eligible to opt out of such releases by checking the opt out box but do not do so, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section X.D of the Plan, which include the Release by Holders of Claims and Interests (i.e., the Third Party Release) of claims and causes of action against certain non-debtor entities.*

6.  You may return your Ballot in the enclosed preaddressed, postage prepaid envelope, or:

| By first class mail to: | Via overnight courier or hand delivery to: |
|---|---|
| Epic Companies, LLC – Ballot Processing c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | Epic Companies, LLC - Ballot Processing c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 |

7.  If you conveyed more than one vote on the same Claim, the last valid vote received by your Voting Agent will be deemed to reflect your intent to either accept or reject the Plan. After the Voting Deadline, you may only change your vote with written approval from the Debtors.

8.  You must vote all of your claim(s) in a single Class to either accept or reject the Plan and may **not** split your vote.

9.  Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf

of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.  To ensure that your vote is counted, you must sign and return your Ballot to the Voting Agent prior to the Voting Deadline.

11.  **The Voting Agent will NOT count the following Ballots (unless such defect is waived by the Plan Proponents and Requisite Creditors):**

(i)  any votes received after the Voting Deadline unless the Plan Proponents shall have granted in writing an extension of the Voting Deadline prior to the Voting Deadline with respect to such vote;

(ii)  any vote cast by an entity that does not hold a Claim in a Voting Class as of the Voting Record Date;

(iii)  any vote submitted to any party other than the Voting Agent;

(iv)  any inconsistent or duplicate votes that are simultaneously cast with respect to the same Claim;

(v)  any vote superseded by another timely valid vote;

(vi)  any unsigned ballot; or

(vii)  any ballot that does not either accept or reject the Plan or any that votes to both accept and reject the Plan.

12.  The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

13.  Neither the Plan Proponents, nor the Voting Agent, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

14.  The Ballot does <u>not</u> constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

**<u>PLEASE SUBMIT YOUR VOTE PROMPTLY</u>**

**THE BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS MARCH [24], 2020 AT 5:00 P.M. (PREVAILING CENTRAL TIME) TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT, OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT 1-866-897-6433 (TOLL FREE IN THE U.S. AND CANADA) OR AT 1-646-282-2500, AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "EPIC COMPANIES" IN THE SUBJECT LINE.**

**BALLOTS SHOULD <u>NOT</u> BE SENT TO THE DEBTORS, THE COMMITTEE, THE UNITED STATES TRUSTEE OR TO THE PREPETITION AGENTS OR THEIR RESPECTIVE ATTORNEYS. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE BANKRUPTCY COURT.**

**Exhibit 2**

**Form of Ballot for Class 4 (Prepetition Junior Credit Agreement Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | |
| **EPIC COMPANIES, LLC,** | § | **Case No. 19-34752 (DRJ)** |
| | § | |
| **Debtors.[1]** | § | **(Jointly Administered)** |
| | § | |
| | § | |

**BALLOT FOR ACCEPTING OR REJECTING**
**JOINT PLAN OF LIQUIDATION OF EPIC COMPANIES, LLC AND ITS**
**DEBTOR SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4: PREPETITION JUNIOR CREDIT AGREEMENT CLAIMS**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT**
> **THE PLAN IS MARCH [24], 2020 AT 5:00 P.M.**
> **(PREVAILING CENTRAL TIME).**

**TO HAVE YOUR VOTE ON THE PLAN AND ANY OPT-OUT OF THE RELEASES COUNTED, YOU MUST SUBMIT YOUR VOTE AND DECISION TO OPT-OUT OF THE RELEASES (OR NOT) TO EPIQ CORPORATE RESTRUCTURING, LLC (THE "VOTING AGENT") SO THAT THE VOTING AGENT ACTUALLY RECEIVES THE BALLOT BY MARCH [24], 2020 AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), along with the Official Committee of Unsecured Creditors (the "Committee", and with the Debtors, the "Plan Proponents") are soliciting votes with respect to the *Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Plan"),[2] which is being proposed by the Plan Proponents and which is described in the accompanying *Disclosure Statement for the Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has conditionally approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

[2] Capitalized terms not otherwise defined have the meaning ascribed in the Plan.

Bankruptcy Code, as well as certain procedures and materials for the solicitation of votes to accept or reject the Plan, pursuant to an order dated February [__], 2020 (the "Disclosure Statement Order"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because the Debtors records identified you as a holder of a Prepetition Junior Credit Agreement Claim and accordingly, you have the right to vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

Your rights are described in the Disclosure Statement, which is accessible from the Debtors' restructuring website: https://dm.epiq11.com/ECL. If you need additional information or pleadings filed in these Chapter 11 Cases you may (a) contact the Debtors' Voting Agent, Epiq Corporate Restructuring, LLC, by toll-free call for callers within the U.S. and Canada at 1-866-897-6433, by toll call for callers outside of the U.S. and Canada at 1-646-282-2500 and request to speak with a member of the Solicitation Team, by email to tabulation@epiqglobal.com with a reference to "Epic Companies" in the subject line, or by writing to Epic Companies, LLC – Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at https://dm.epiq11.com/ECL/info. Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.txs.uscourts.gov/bankruptcy. Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than casting a vote to accept or reject the Plan, making certain decisions regarding releases, and making certain certifications. If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4.

**To have your vote counted, you must complete, sign and return this Ballot to the Voting Agent before the Voting Deadline. Ballots should not be sent to the Debtors, the Committee, the United States Trustee, the Bankruptcy Court, the Prepetition Agents or their respective attorneys.**

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN AND/OR OPT-OUT OF THE RELEASES (OR NOT). PLEASE READ THE ATTACHED**

**VOTING INFORMATION AND INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

<u>**PLEASE REVIEW AND COMPLETE ITEMS 1 – 4 BELOW**</u>

**Item 1. Amount of Claim**

The undersigned hereby certifies that as of February 14, 2020 (the "<u>Voting Record Date</u>"), the undersigned was the Holder of a Prepetition Junior Credit Agreement Claim in Class 4 in the following aggregate amount:[3]



**Item 2. Vote on Plan**

The Holder of the Claim set forth in Item 1 votes to (please check only one box):

| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |
|---|---|---|---|

Any Ballot that is executed by the Holder of a Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted for voting purposes.

**Item 3. Election Regarding the Release by Holders of Claims**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

*<u>Relevant Plan Release Provision</u>*:

Article X.D *Releases by Holders of Claims*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors and the other Released Parties from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened,**

---

[3] For voting purposes only, subject to tabulation rules.

existing or hereafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively "*Third Party Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or any other Released Party, on one hand, and any Releasing Party, on the other hand, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Plan or the Distributions and related documents or other property under the Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Third Party Releases*" shall not operate to waive or release (i) any Causes of Action of any Debtor or Estate arising from any act or omission of a Released Party that are found, pursuant to a Final Order, to be the result of such Released Party's actual fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed in connection with the Plan, or (iii) any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties; *provided, further*, that nothing contained in these provisions or in this Release shall affect the rights of Holders that elect the Release Opt-Out on their respective ballots.

### *Relevant Definitions Related to Release Provision*:

"*Insiders*" means an entity as defined in section 101(31) of the Bankruptcy Code, and includes, without limitation, Thomas Clarke, Ana Clarke, David Wiley, Orinoco Natural Resources, LLC, Oakridge Energy Partners LLC, or Clarke Investments, LLC, or any such Entity's current or former Affiliates (other than the Debtors). Notwithstanding anything herein to the contrary, the definition of "Insiders" shall not include Kelton C. Tonn.

"*Prepetition Agents*" means the Prepetition Senior Agent and the Prepetition Junior Agent.

"*Prepetition Junior Agent*" means Acqua Liana as administrative agent under the Prepetition Junior Credit Agreement.

"*Prepetition Senior Agent*" means White Oak as administrative agent under the Prepetition Senior Credit Agreement.

"*Released Party*" means, collectively, and in each case in its capacity as such, (a) the Debtors, (b) the Chief Restructuring Officer, (c) G2 Capital Advisors, LLC, (d) Kelton C. Tonn, and (e) with respect to each of the foregoing Entities in clauses (a) through (c), each such Entity's

current subsidiaries and its officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals as of the Petition Date, including in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Released Party" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

"***Releasing Parties***" means, collectively, and in each case in its capacity as such: (a) the Debtors, (b) each Holder of a Claim that is deemed to accept the Plan, (c) each other Holder of a Claim that is entitled to vote on the Plan and does not elect the Release Opt-Out on its Ballot, and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's current subsidiaries, and its and their managed accounts or funds, such Entity and its current officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals, in their capacities as such, including but not limited to in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and predecessors and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Releasing Parties" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

<u>***Election to Opt Out***</u>:

The Holder of the Claim set forth in Item 1 elects to:

| | |
|---|---|
| ☐ | **OPT OUT** of the Third Party Releases |

*[Remainder of page intentionally blank]*

**Item 4. Certifications and Acknowledgements**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Plan Proponents:

1.    that either: (A) the undersigned is the holder of the Claim being voted, or (B) the undersigned is an authorized signatory for a holder of the Claim being voted;

2.    that the undersigned has received a copy of the Disclosure Statement and the Plan; and

3.    that no other Ballots with respect to the amount of the Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim, then any such earlier received Ballots are hereby revoked.

_____
Name of Claimant

_____
Signature

_____
Name of Signatory if other than Claimant

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number and Email Address

_____
Date Completed

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED, OR AS DIRECTED IN ITEM 6 OF THE INSTRUCTIONS.**

**IN ORDER FOR YOUR VOTE TO COUNT, YOUR BALLOT MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON MARCH [24], 2020.**

# VOTING INFORMATION AND
## INSTRUCTIONS FOR COMPLETING THE BALLOT

1. The Plan Proponents are soliciting votes with respect to the Plan.

2. **The Bankruptcy Court may confirm the Plan and thereby bind you. Please review the Disclosure Statement and Plan for more information.**

3. In Item 1, please indicate the amount of your Claim for voting purposes. Your Claim amount may be pre-printed, in which case you are to review this amount and contact the Voting Agent if you believe your Claim amount for voting purposes has been listed in error.

4. In the boxes provided in Item 2 of the Ballot, please indicate acceptance or rejection of the Plan.

5. Regardless of whether you voted to accept the Plan (including voting to reject the Plan or abstaining from voting), you may opt out of the release by Holders of Claims (*i.e.*, the Third Party Release) by checking the box provided in Item 3 of the Ballot. *If you are eligible to opt out of such releases by checking the opt out box but do not do so, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section X.D of the Plan, which include the Release by Holders of Claims and Interests (i.e., the Third Party Release) of claims and causes of action against certain non-debtor entities.*

6. You may return your Ballot in the enclosed preaddressed, postage prepaid envelope, or:

| By first class mail to: | Via overnight courier or hand delivery to: |
|---|---|
| Epic Companies, LLC – Ballot Processing<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Epic Companies, LLC - Ballot Processing<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

7. If you conveyed more than one vote on the same Claim, the last valid vote received by your Voting Agent will be deemed to reflect your intent to either accept or reject the Plan. After the Voting Deadline, you may only change your vote with written approval from the Debtors.

8. You must vote all of your claim(s) in a single Class to either accept or reject the Plan and may **not** split your vote.

9. Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf

of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.     To ensure that your vote is counted, you must sign and return your Ballot to the Voting Agent prior to the Voting Deadline.

11.     **The Voting Agent will NOT count the following Ballots (unless such defect is waived by the Plan Proponents and Requisite Creditors):**

(i)      any votes received after the Voting Deadline unless the Plan Proponents shall have granted in writing an extension of the Voting Deadline prior to the Voting Deadline with respect to such vote;

(ii)     any vote cast by an entity that does not hold a Claim in a Voting Class as of the Voting Record Date;

(iii)    any vote submitted to any party other than the Voting Agent;

(iv)     any inconsistent or duplicate votes that are simultaneously cast with respect to the same Claim;

(v)      any vote superseded by another timely valid vote;

(vi)     any unsigned ballot; or

(vii)    any ballot that does not either accept or reject the Plan or any that votes to both accept and reject the Plan.

12.     The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

13.     Neither the Plan Proponents, nor the Voting Agent, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

14.     The Ballot does <u>not</u> constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

**<u>PLEASE SUBMIT YOUR VOTE PROMPTLY</u>**

**THE BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS MARCH [24], 2020 AT 5:00 P.M. (PREVAILING CENTRAL TIME) TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT, OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT 1-866-897-6433 (TOLL FREE IN THE U.S. AND CANADA) OR AT 1-646-282-2500, AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "EPIC COMPANIES" IN THE SUBJECT LINE.**

**BALLOTS SHOULD <u>NOT</u> BE SENT TO THE DEBTORS, THE COMMITTEE, THE UNITED STATES TRUSTEE OR TO THE PREPETITION AGENTS OR THEIR RESPECTIVE ATTORNEYS. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE BANKRUPTCY COURT.**

## <u>Exhibit 3</u>

**Form of Ballot for Class 5 (General Unsecured Claims)**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **EPIC COMPANIES, LLC,** | § § | **Case No. 19-34752 (DRJ)** |
| **Debtors.**[1] | § § § | **(Jointly Administered)** |

## BALLOT FOR ACCEPTING OR REJECTING
## JOINT PLAN OF LIQUIDATION OF EPIC COMPANIES, LLC AND ITS
## <u>DEBTOR SUBSIDIARIES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>

### CLASS 5: GENERAL UNSECURED CLAIMS

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT
THE PLAN IS MARCH [24], 2020 AT 5:00 P.M.
(PREVAILING CENTRAL TIME).**

---

**TO HAVE YOUR VOTE ON THE PLAN AND ANY OPT-OUT OF THE RELEASES
COUNTED, YOU MUST SUBMIT YOUR VOTE AND DECISION TO OPT-OUT OF THE
RELEASES (OR NOT) TO EPIQ CORPORATE RESTRUCTURING, LLC (THE
"<u>VOTING AGENT</u>") SO THAT THE VOTING AGENT <u>ACTUALLY</u> <u>RECEIVES</u> THE
BALLOT BY MARCH [24], 2020 AT 5:00 P.M. (PREVAILING CENTRAL TIME) (THE
"<u>VOTING DEADLINE</u>").**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), along with
the Official Committee of Unsecured Creditors (the "<u>Committee</u>", and with the Debtors, the "<u>Plan
Proponents</u>") are soliciting votes with respect to the *Joint Plan of Liquidation of Epic Companies,
LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may be amended
from time to time, the "<u>Plan</u>"),[2] which is being proposed by the Plan Proponents and which is
described in the accompanying *Disclosure Statement for the Joint Plan of Liquidation of Epic
Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may
be amended from time to time, the "<u>Disclosure Statement</u>"). The United States Bankruptcy Court
for the Southern District of Texas (the "<u>Bankruptcy Court</u>") has conditionally approved the
Disclosure Statement as containing adequate information pursuant to section 1125 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied
Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San
Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors'
headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

[2] Capitalized terms not otherwise defined have the meaning ascribed to them in the Plan.

Bankruptcy Code, as well as certain procedures and materials for the solicitation of votes to accept or reject the Plan, pursuant to an order dated February [__], 2020 (the "Disclosure Statement Order"). The Bankruptcy Court's conditional approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because the Debtors' records identified you as a holder of a General Unsecured Claim and accordingly, you have the right to vote to accept or reject the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

Your rights are described in the Disclosure Statement, which is accessible from the Debtors' restructuring website: https://dm.epiq11.com/ECL. If you need additional information or pleadings filed in these Chapter 11 Cases you may (a) contact the Debtors' Voting Agent, Epiq Corporate Restructuring, LLC, by toll-free call for callers within the U.S. and Canada at 1-866-897-6433, by toll call for callers outside of the U.S. and Canada at 1-646-282-2500 and request to speak with a member of the Solicitation Team, by email to tabulation@epiqglobal.com with a reference to "Epic Companies" in the subject line, or by writing to Epic Companies, LLC – Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR, 97005, or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at https://dm.epiq11.com/ECL. Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.txs.uscourts.gov/bankruptcy. Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than casting a vote to accept or reject the Plan, making certain decisions regarding releases, and making certain certifications. If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5.

**To have your vote counted, you must complete, sign and return this Ballot to the Voting Agent before the Voting Deadline. Ballots should not be sent to the Debtors, the Committee, the United States Trustee, the Bankruptcy Court, the Prepetition Agents or their respective attorneys.**

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN AND/OR OPT-OUT OF THE RELEASES (OR NOT). PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

## PLEASE REVIEW AND COMPLETE ITEMS 1 – 4 BELOW

### Item 1. Amount of Claim

The undersigned hereby certifies that as of February 14, 2020 (the "Voting Record Date"), the undersigned was the Holder of a General Unsecured Claim in Class 5 in the following aggregate amount:[3]

| Class 5 |
| --- |
| $_____ |

### Item 2. Vote on Plan

The Holder of the Claim set forth in Item 1 votes to (please check only one box):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| --- | --- |

Any Ballot that is executed by the Holder of a Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted for voting purposes.

### Item 3. Election Regarding the Release by Holders of Claims

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

*Relevant Plan Release Provision*:

Article X.D *Releases by Holders of Claims*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors and the other Released Parties from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise**

---

[3] For voting purposes only, subject to tabulation rules.

that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively "*Third Party Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or any other Released Party, on one hand, and any Releasing Party, on the other hand, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Plan or the Distributions and related documents or other property under the Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Third Party Releases*" shall not operate to waive or release (i) any Causes of Action of any Debtor or Estate arising from any act or omission of a Released Party that are found, pursuant to a Final Order, to be the result of such Released Party's actual fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed in connection with the Plan, or (iii) any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties; *provided, further*, that nothing contained in these provisions or in this Release shall affect the rights of Holders that elect the Release Opt-Out on their respective ballots.

### *Relevant Definitions Related to Release Provision*:

"*Insiders*" means an entity as defined in section 101(31) of the Bankruptcy Code, and includes, without limitation, Thomas Clarke, Ana Clarke, David Wiley, Orinoco Natural Resources, LLC, Oakridge Energy Partners LLC, or Clarke Investments, LLC, or any such Entity's current or former Affiliates (other than the Debtors). Notwithstanding anything herein to the contrary, the definition of "Insiders" shall not include Kelton C. Tonn.

"*Prepetition Agents*" means the Prepetition Senior Agent and the Prepetition Junior Agent.

"*Prepetition Junior Agent*" means Acqua Liana as administrative agent under the Prepetition Junior Credit Agreement.

"*Prepetition Senior Agent*" means White Oak as administrative agent under the Prepetition Senior Credit Agreement.

"*Released Party*" means, collectively, and in each case in its capacity as such, (a) the Debtors, (b) the Chief Restructuring Officer, (c) G2 Capital Advisors, LLC, (d) Kelton C. Tonn, and (e) with respect to each of the foregoing Entities in clauses (a) through (c), each such Entity's current subsidiaries and its officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals as of the Petition Date, including in any such persons' capacity as director and/or officer (or any

similar position) of any of the Debtors or any of the Debtors' subsidiaries, and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Released Party" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

"*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) the Debtors, (b) each Holder of a Claim that is deemed to accept the Plan, (c) each other Holder of a Claim that is entitled to vote on the Plan and does not elect the Release Opt-Out on its Ballot, and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's current subsidiaries, and its and their managed accounts or funds, such Entity and its current officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals, in their capacities as such, including but not limited to in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and predecessors and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Releasing Parties" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

### *Election to Opt Out*:

The Holder of the Claim set forth in Item 1 elects to:

☐     **OPT OUT** of the Third Party Releases

[*Remainder of page intentionally blank*]

**Item 4. Certifications and Acknowledgements**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Plan Proponents:

1.   that either: (A) the undersigned is the holder of the Claim being voted, or (B) the undersigned is an authorized signatory for a holder of the Claim being voted;

2.   that the undersigned has received a copy of the Disclosure Statement and the Plan; and

3.   that no other Ballots with respect to the amount of the Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim, then any such earlier received Ballots are hereby revoked.

_____
Name of Claimant

_____
Signature

_____
Name of Signatory if other than Claimant

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number and Email Address

_____
Date Completed

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED, OR AS DIRECTED IN ITEM 6 OF THE INSTRUCTIONS.**

**IN ORDER FOR YOUR VOTE TO COUNT, YOUR BALLOT MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M. (PREVAILING CENTRAL TIME) ON MARCH [24], 2020.**

## VOTING INFORMATION AND
## INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  The Plan Proponents are soliciting votes with respect to the Plan.

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you. Please review the Disclosure Statement and Plan for more information.**

3.  In Item 1, please indicate the amount of your Claim for voting purposes. Your Claim amount may be pre-printed, in which case you are to review this amount and contact the Voting Agent if you believe your Claim amount for voting purposes has been listed in error.

4.  In the boxes provided in Item 2 of the Ballot, please indicate acceptance or rejection of the Plan.

5.  Regardless of whether you voted to accept the Plan (including voting to reject the Plan or abstaining from voting), you may opt out of the release by Holders of Claims (*i.e.*, the Third Party Release) by checking the box provided in Item 3 of the Ballot. *If you are eligible to opt out of such releases by checking the opt out box but do not do so, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section X.D of the Plan, which include the Release by Holders of Claims and Interests (i.e., the Third Party Release) of claims and causes of action against certain non-debtor entities.*

6.  You may return your Ballot in the enclosed preaddressed, postage prepaid envelope, or:

| By first class mail to: | Via overnight courier or hand delivery to: |
|---|---|
| Epic Companies, LLC – Ballot Processing<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Epic Companies, LLC - Ballot Processing<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

7.  If you conveyed more than one vote on the same Claim, the last valid vote received by your Voting Agent will be deemed to reflect your intent to either accept or reject the Plan. After the Voting Deadline, you may only change your vote with written approval from the Debtors.

8.  You must vote all of your claim(s) in a single Class to either accept or reject the Plan and may **not** split your vote.

9.  Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf

of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.    To ensure that your vote is counted, you must sign and return your Ballot to the Voting Agent prior to the Voting Deadline.

11.    **The Voting Agent will NOT count the following Ballots (unless such defect is waived by the Plan Proponents and Requisite Creditors):**

(i)     any votes received after the Voting Deadline unless the Plan Proponents shall have granted in writing an extension of the Voting Deadline prior to the Voting Deadline with respect to such vote;

(ii)    any vote cast by an entity that does not hold a Claim in a Voting Class as of the Voting Record Date;

(iii)   any vote submitted to any party other than the Voting Agent;

(iv)    any inconsistent or duplicate votes that are simultaneously cast with respect to the same Claim;

(v)     any vote superseded by another timely valid vote;

(vi)    any unsigned ballot; or

(vii)   any ballot that does not either accept or reject the Plan or any that votes to both accept and reject the Plan.

12.    The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

13.    Neither the Plan Proponents, nor the Voting Agent, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

14.    The Ballot does <u>not</u> constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

**<u>PLEASE SUBMIT YOUR VOTE PROMPTLY</u>**

---

**THE BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS MARCH [24], 2020 AT 5:00 P.M. (PREVAILING CENTRAL TIME) TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT, OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT 1-866-897-6433 (TOLL FREE IN THE U.S. AND CANADA) OR AT 1-646-282-2500, AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "EPIC COMPANIES" IN THE SUBJECT LINE.**

**BALLOTS SHOULD <u>NOT</u> BE SENT TO THE DEBTORS, THE COMMITTEE, THE UNITED STATES TRUSTEE OR TO THE PREPETITION AGENTS OR THEIR RESPECTIVE ATTORNEYS. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE BANKRUPTCY COURT.**

**Exhibit 4**

**Form of Notice of Non-Voting Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § |
| | § **Chapter 11** |
| | § |
| **EPIC COMPANIES, LLC,** | § **Case No. 19-34752 (DRJ)** |
| | § |
| **Debtors.[1]** | § **(Jointly Administered)** |
| | § |

## NOTICE OF NON-VOTING STATUS

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "Debtors"), along with the Official Committee of Unsecured Creditors (with the Debtors, the "Plan Proponents") have commenced solicitation of votes to accept the *Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] which is being proposed by the Plan Proponents and which is described in the accompanying *Disclosure Statement for the Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Disclosure Statement"). Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Debtors' voting agent, Epiq Corporate Restructuring, LLC (the "Voting Agent"), at https://dm.epiq11.com/ECL. Copies of the Plan and Disclosure Statement may also be obtained by calling the Voting Agent at 1-855-958-0575 (domestic and Canada) or 1-503-597-5530 (international), or by email to tabulation@epiqglobal.com with a reference to "Epic Companies" in the subject line.

**You are receiving this notice (the "Notice") because you are a holder of a Claim or Interest in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 7 (Intercompany Claims), Class 8 (Intercompany Interests), or Class 9 (Epic Interests) under the Plan. Pursuant to the terms of the Plan, Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) are unimpaired and therefore, pursuant to section 1126(f) of title 11 of the United States Code (the "Bankruptcy Code"), deemed to have accepted the Plan and are not entitled to vote on the Plan. Class 7 (Intercompany Claims), Class 8 (Intercompany Interests), and Class 9 (Epic Interests) are impaired and not receiving any distribution under the Plan and therefore, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to have rejected the Plan and are not entitled to vote on the Plan.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

10327752v6

The deadline for filing objections to confirmation of the Plan is March 24, 2020, at 5:00 p.m. (Prevailing Central Time) (the "Objection Deadline"). Any objections to the Plan must be: (i) in writing, (ii) filed with the Clerk of the Court together with proof of service thereof, (iii) set forth the name of the objecting party, and the nature and amount of any claim or interest asserted by the objecting party against the Estates or property of the Debtors, and state the legal and factual basis for such objection, and (iv) conform to the applicable Bankruptcy Rules and the Bankruptcy Local Rules.

If you have any questions concerning this Notice, the Disclosure Statement, or the Plan, or wish to obtain a paper copy of the Plan, the Disclosure Statement, or any exhibits to such documents, please contact the Voting Agent.

**Notice Regarding Certain Release,**
**Exculpation, and Injunction Provisions in Plan**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:

Article X.C *Releases by the Debtors*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, the Released Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever been released and discharged by the Debtors and the Estates from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that the Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively, "*Debtor Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Plan or the Distributions and related documents or other property under the Plan, upon any other act or omission,**

transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Debtor Releases*" shall not operate to waive, release or adversely impact (i) any Causes of Action of any Debtor or Estate arising from any act or omission of a Released Party that are found, pursuant to a Final Order, to be the result of such Released Party's actual fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed in connection with the Plan, or (iii) any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties.

Article X.D *Releases by Holders of Claims*

Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors and the other Released Parties from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively "*Third Party Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or any other Released Party, on one hand, and any Releasing Party, on the other hand, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Plan or the Distributions and related documents or other property under the Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Third Party Releases*" shall not operate to waive or release (i) any Causes of Action of any Debtor or Estate arising from any act or omission of a Released Party that are found, pursuant to a Final Order, to be the result of such Released Party's actual fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed in connection with the Plan, or (iii) any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties; *provided,*

*further*, that nothing contained in these provisions or in this Release shall affect the rights of Holders that elect the Release Opt-Out on their respective ballots.

Article X.E *Exculpation*

Notwithstanding anything contained in this Plan to the contrary, an Exculpated Party, and any property of an Exculpated Party, shall not have or incur any liability to any Entity for (a) any prepetition act taken or omitted to be taken in connection with, related to or arising from the Debtors' out-of-court restructuring efforts, including authorizing, preparing for or Filing the Chapter 11 Cases and the Sale, or (b) any postpetition act arising prior to or on the Effective Date taken or omitted to be taken in connection with, related to or arising from the formulation, negotiation, preparation, dissemination, implementation, or administration of this Plan, the Plan Supplement, the Disclosure Statement, or any contract, instrument, or other agreement or document created or entered into in connection with this Plan, the Disclosure Statement, or the Chapter 11 Cases, or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the Chapter 11 Cases, or the confirmation or consummation of this Plan, including but not limited to (i) the Sale; (ii) formulating, preparing, disseminating, implementing, confirming, consummating or administrating this Plan (including soliciting acceptances or rejections thereof if necessary), the Disclosure Statement, or any contract, instrument, release or other agreement or document entered into or any action taken or not taken in connection with this Plan; or (iii) any Distribution made pursuant to this Plan, except for acts determined by a Final Order to constitute actual fraud, willful misconduct or gross negligence, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under or in connection with this Plan. Notwithstanding the foregoing, for the avoidance of doubt, this section of the Plan shall not (i) exculpate or release any Exculpated Party from anything other than as expressly identified in the preceding sentence, (ii) prevent or limit the ability of the Debtors, Estates or the Liquidating Trustee to object to a Claim of an Exculpated Party on any basis other than matters exculpated or released in this section, or (iii) prevent or limit the ability of the Debtors, Estates or the Liquidating Trustee to object to, or defend against, on any basis, any Administrative Claim of an Exculpated Party. The foregoing exculpation shall not operate to waive or release any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties

Article X.F *Injunction*

Except as otherwise expressly provided in the Plan or in the Confirmation Order, or for obligations arising pursuant to the Plan, from and after the Effective Date, all Entities who hold or may hold Claims or Interests and all Entities acting on behalf of such Holders and the Releasing Parties are permanently enjoined from taking any of the following actions against the Debtors, the Released Parties, the Exculpated Parties, the Liquidating Trust and/or the Liquidating Trustee: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Claims or Interests; (3) creating, perfecting, or

4

enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests; **(4)** asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date; **(5)** commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims, Interests and Causes of Action released, exculpated, waived, settled or barred pursuant to the Final DIP Order, or this Plan, which for the avoidance of doubt include the Third Party Releases, Debtor Releases and Exculpated Claims set forth herein; *provided, however*, that nothing contained in these provisions or in this Injunction shall affect the rights of Holders that elect the Release Opt-Out on their respective ballots, against any parties other than the reorganized Debtors, the Exculpated Parties, the Liquidating Trust and/or the Liquidating Trustee.

### Relevant Definitions Related to Release and Exculpation Provisions:

"***Exculpated Party***" means each of (a) the Debtors, (b) the Chief Restructuring Officer, (c) G2 Capital Advisors, LLC (d) the Committee and the Committee's members, (e) Kelton C. Tonn, and (f) with respect to each of the foregoing Entities in clauses (a) through (d), such Entity's current subsidiaries, and its and their officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals in any such persons' capacity as such. Notwithstanding anything herein to the contrary, the definition of "Exculpated Party" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

"***Insiders***" means an entity as defined in section 101(31) of the Bankruptcy Code, and includes, without limitation, Thomas Clarke, Ana Clarke, David Wiley, Orinoco Natural Resources, LLC, Oakridge Energy Partners LLC, or Clarke Investments, LLC, or any such Entity's current or former Affiliates (other than the Debtors). Notwithstanding anything herein to the contrary, the definition of "Insiders" shall not include Kelton C. Tonn.

"***Prepetition Agents***" means the Prepetition Senior Agent and the Prepetition Junior Agent.

"***Prepetition Junior Agent***" means Acqua Liana as administrative agent under the Prepetition Junior Credit Agreement.

"***Prepetition Senior Agent***" means White Oak as administrative agent under the Prepetition Senior Credit Agreement.

"***Released Party***" means, collectively, and in each case in its capacity as such, (a) the Debtors, (b) the Chief Restructuring Officer, (c) G2 Capital Advisors, LLC, (d) Kelton C. Tonn, and (e) with respect to each of the foregoing Entities in clauses (a) through (c), each such Entity's current subsidiaries and its officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals as of the Petition Date, including in any such persons' capacity as director and/or

10327752v6

officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Released Party" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

"***Releasing Parties***" means, collectively, and in each case in its capacity as such: (a) the Debtors, (b) each Holder of a Claim that is deemed to accept the Plan, (c) each other Holder of a Claim that is entitled to vote on the Plan and does not elect the Release Opt-Out on its Ballot, and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's current subsidiaries, and its and their managed accounts or funds, such Entity and its current officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals, in their capacities as such, including but not limited to in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and predecessors and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Releasing Parties" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: Houston, Texas
      February [__], 2020

                                    **Porter Hedges LLP**

By:    */s/ John F. Higgins*
                John F. Higgins (TX 09597500)
                Eric M. English (TX 24062714)
                M. Shane Johnson (TX 24083263)
                1000 Main Street, 36th Floor
                Houston, Texas 77002
                Telephone: (713) 226-6000
                Fax: (713) 226-6248

                **COUNSEL FOR DEBTORS**
                **AND DEBTORS IN POSSESSION**

## Exhibit 5

**Form of Combined Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| | § |
| **In re:** | § **Chapter 11** |
| | § |
| **EPIC COMPANIES, LLC,** | § **Case No. 19-34752 (DRJ)** |
| | § |
| Debtors.[1] | § **(Jointly Administered)** |
| | § |

**NOTICE OF (I) HEARING ON FINAL APPROVAL OF**
**DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN, AND**
**(II) OBJECTION DEADLINES, AND SUMMARY OF DEBTORS' CHAPTER 11 PLAN**

1.      On August 26, 2019 (the "Petition Date"), Epic Companies, LLC and certain of its subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

2.      On February 13, 2020, the Debtors and the Official Committee of Unsecured Creditors (the "Plan Proponents") filed a plan of liquidation (the "Plan")[2] and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Debtors' voting agent, Epiq Corporate Restructuring, LLC (the "Voting Agent"), at the following: https://dm.epiq11.com/ECL. Copies of the Plan and Disclosure Statement may also be obtained by calling the Voting Agent at 1-855-958-0575 (domestic and Canada) or 1-503-597-5530 (international), or by email to tabulation@epiqglobal.com with a reference to "Epic Companies" in the subject line.

**Information Regarding Plan**

3.      On February [__], 2020, the Court approved the following Confirmation Schedule:

| Event | Deadline |
|---|---|
| Voting Record Date | February 14, 2020 |
| Commencement of Plan Solicitation and Mailing of Combined Notice | February 21, 2020, or as soon as reasonably practicable thereafter |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The address of the Debtors' headquarters is: 23603 W. Fernhurst Drive, Katy, Texas 77494.

[2] Capitalized terms not otherwise used herein have the meaning ascribed to them in the Plan.

1

| Event | Deadline |
|---|---|
| Plan Supplement Filing Deadline | March 17, 2020 |
| Plan Voting Deadline and Deadline to Object to Disclosure Statement and Confirmation | March 24, 2020 at 5 p.m. (Prevailing Central Time) |
| Deadline to File Voting Affidavit | March 26, 2020 |
| Deadline to file Consolidated Brief and Reply in Support of Confirmation | March 30, 2020 |
| Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan | April 2, 2020 at _.m. (Prevailing Central Time |

4.      Any objections to the Disclosure Statement and/or the Plan must be: (i) in writing, (ii) filed with the Clerk of the Court together with proof of service thereof, (iii) set forth the name of the objecting party, and the nature and amount of any claim or interest asserted by the objecting party against the Estates or property of the Debtors, and state the legal and factual basis for such objection, and (iv) conform to the applicable Bankruptcy Rules and the Bankruptcy Local Rules.

### Summary of Plan[3]

5.      Solicitation of votes on the Plan commenced prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests and is subject in all respects to the Challenge:

| Class | Claim or Equity Interest | Treatment | Impaired or Unimpaired | Entitled to Vote | Approx. % Recovery |
|---|---|---|---|---|---|
| 1 | Other Secured Claims | Except to the extent that a Holder of an Allowed Other Secured Claim and the Plan Proponents or the Liquidating Trustee agree to a less favorable treatment, in full and final satisfaction, compromise, settlement, and release of and in exchange for each Allowed Other Secured Claim, each such Holder shall receive either (i) Cash from the Claims Reserve in an amount equal to the proceeds of the collateral securing such Holder's Allowed Other Secured Claim after satisfaction in full of all superior liens up to the amount of the Allowed Other Secured Claim; or (ii) solely to the extent the amount of an Allowed | Unimpaired | No (Deemed to Accept) | 100% |

---

[3]     The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. For a more detailed description of the Plan, please refer to the Disclosure Statement. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

2

| Class | Claim or Equity Interest | Treatment | Impaired or Unimpaired | Entitled to Vote | Approx. % Recovery |
|---|---|---|---|---|---|
| | | Other Secured Claim is greater than the value of the collateral securing such Allowed Other Secured Claim and there are no Liens on such collateral senior to the Lien held by or for the benefit of the Holder of such Allowed Other Secured Claim, the collateral securing such Allowed Other Secured Claim in full and final satisfaction of such Claim. Any purported Secured Claim on the Prepetition Credit Agreement Collateral that is not senior to the Prepetition Credit Agreement Claims under applicable state or federal law shall be a General Unsecured Claim. | | | |
| 2 | Other Priority Claims | Except to the extent that a Holder of an Allowed Other Priority Claim and the Plan Proponents or the Liquidating Trustee agree to a less favorable treatment, in full and final satisfaction, compromise, settlement, and release of and in exchange for each Allowed Other Priority Claim, each such Holder shall receive Cash first from the Claims Reserve equal to the unpaid portion of the Allowed Other Priority Claim. | Unimpaired | No (Deemed to Accept) | 100% |
| 3 | Prepetition Senior Credit Agreement Claims | The Prepetition Senior Credit Agreement Claims are subject to the Challenge. The Holders of the Prepetition Senior Credit Agreement Claims (i) received, in exchange for their credit bid of $50 million of their Prepetition Senior Credit Agreement Claims, the Prepetition Senior Credit Agreement Collateral included in the Sale pursuant to the Purchase Agreement, and (ii) following the resolution of the Challenge by a Final Order and subject to section 502(d) of the Bankruptcy Code, shall receive, to the extent Allowed and not recharacterized or subordinated pursuant to the Challenge: (x) any proceeds from any Prepetition Senior Credit Agreement Collateral not included in the Sale; and (y) with respect to any Allowed Prepetition Senior Credit Agreement Deficiency Claim, the same treatment as Class 5 (General Unsecured Claims) | Impaired | Yes | 91-94% |
| 4 | Prepetition Junior Credit Agreement Claims | The Prepetition Junior Credit Agreement Claims are subject to the Challenge. Following the resolution of the Challenge by a Final Order and subject to section 502(d) of the Bankruptcy Code, the Holders of the Prepetition Junior Credit Agreement Claims not otherwise assumed pursuant to the Sale shall receive, to the extent Allowed and not recharacterized or subordinated pursuant to the Challenge: (i) any proceeds from any Prepetition Junior Credit Agreement Collateral not included in the Sale after the Prepetition Senior Credit Agreement Claims are paid in full; and (ii) with respect to any Allowed Prepetition Junior Credit Agreement Deficiency | Impaired | Yes | 61-66% |

3

| Class | Claim or Equity Interest | Treatment | Impaired or Unimpaired | Entitled to Vote | Approx. % Recovery |
|---|---|---|---|---|---|
| | | Claims, the same treatment as Class 5 (General Unsecured Claims). | | | |
| 5 | General Unsecured Claims | Each Holder of an Allowed Class 5 General Unsecured Claim shall receive its Pro Rata share of the Liquidating Trust Cash available on any Distribution Date from the Liquidating Trust Assets in accordance with the terms of the plan and the Liquidating Trust Agreement. | Impaired | Yes | 1.0-11.3% |
| 6 | Subordinated Claims | Each Holder of an Allowed Class 6 Subordinated Claim, to the extent Allowed and only following the payment in full of all Allowed Claims in Class 5, shall receive its share of any remaining Liquidating Trust Cash, Pro Rata with all other Allowed Class 6 Subordinated Claims, available on any Distribution Date from the Liquidating Trust Assets in accordance with the terms of the plan and the Liquidating Trust Agreement. | Impaired | No | 0% |
| 7 | Intercompany Claims | Class 7 Intercompany Claims shall be cancelled and discharged, with the Holders of such Class 7 Intercompany Claims receiving no Distribution on account of such Intercompany Claims. | Impaired | No (Deemed to Reject) | 0% |
| 8 | Intercompany Interests | Class 8 Intercompany Interests shall be cancelled and discharged, with the Holders of such Class 8 Intercompany Interests receiving no Distribution on account of such Intercompany Interests. | Impaired | No (Deemed to Reject) | 0% |
| 9 | Epic Interests | Class 9 is Impaired. Holders of Class 9 Epic Interests are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and, therefore, Holders of Epic Interests are not entitled to vote to accept or reject the Plan. | Impaired | No (Deemed to Reject) | 0% |

### **Non-Voting Status of Holders of Certain Claims and Interests**

6.      The Plan provides that each holder of a Claim in Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) are unimpaired. Pursuant to section 1126(f) of the Bankruptcy Code, the holders of Claims in each of the foregoing Classes are conclusively presumed to have accepted the Plan and, thus, are not entitled to vote. The Plan also provides that each holder of a Claim or Interest in Class 7 (Intercompany Claims), Class 8 (Intercompany Interests), and Class 9 (Epic Interests) are impaired and deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

## Notice Regarding Certain Release,
## Exculpation, and Injunction Provisions in Plan

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:

Article X.C *Releases by the Debtors*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, the Released Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever been released and discharged by the Debtors and the Estates from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that the Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively, "*Debtor Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Plan or the Distributions and related documents or other property under the Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Debtor Releases*" shall not operate to waive, release or adversely impact (i) any Causes of Action of any Debtor or Estate arising from any act or omission of a Released Party that are found, pursuant to a Final Order, to be the result of such Released Party's actual fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed in connection with the Plan, or (iii) any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties.**

5

Article X.D *Releases by Holders of Claims*

**Notwithstanding anything contained herein to the contrary, to the fullest extent permitted by applicable law and approved by the Bankruptcy Court, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, effective on and after the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtors and the other Released Parties from any and all past or present Claims, Interests, indebtedness and obligations, rights, suits, losses, damages, injuries, costs, expenses, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed, contingent, pending or threatened, existing or hereafter arising, in law, equity, or otherwise, whether for tort, fraud, contract violations of federal or state laws or otherwise, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date (collectively "*Third Party Released Claims*") based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or any other Released Party, on one hand, and any Releasing Party, on the other hand, the restructuring of Claims and Interests prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, the Liquidating Trust Agreement or any related agreements, instruments, or other documents, the pursuit of Confirmation, any action or actions taken in furtherance of or consistent with the administration or implementation of the Plan or the Distributions and related documents or other property under the Plan, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date arising from or relating to any of the foregoing; *provided*, *however*, that the foregoing "*Third Party Releases*" shall not operate to waive or release (i) any Causes of Action of any Debtor or Estate arising from any act or omission of a Released Party that are found, pursuant to a Final Order, to be the result of such Released Party's actual fraud, gross negligence, or willful misconduct, (ii) any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed in connection with the Plan, or (iii) any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties; *provided, further*, that nothing contained in these provisions or in this Release shall affect the rights of Holders that elect the Release Opt-Out on their respective ballots.**

Article X.E *Exculpation*

**Notwithstanding anything contained in this Plan to the contrary, an Exculpated Party, and any property of an Exculpated Party, shall not have or incur any liability to any Entity for (a) any prepetition act taken or omitted to be taken in connection with, related to or arising from the Debtors' out-of-court restructuring efforts, including authorizing, preparing for or Filing the Chapter 11 Cases and the Sale, or (b) any postpetition act arising**

6

prior to or on the Effective Date taken or omitted to be taken in connection with, related to or arising from the formulation, negotiation, preparation, dissemination, implementation, or administration of this Plan, the Plan Supplement, the Disclosure Statement, or any contract, instrument, or other agreement or document created or entered into in connection with this Plan, the Disclosure Statement, or the Chapter 11 Cases, or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the Chapter 11 Cases, or the confirmation or consummation of this Plan, including but not limited to (i) the Sale; (ii) formulating, preparing, disseminating, implementing, confirming, consummating or administrating this Plan (including soliciting acceptances or rejections thereof if necessary), the Disclosure Statement, or any contract, instrument, release or other agreement or document entered into or any action taken or not taken in connection with this Plan; or (iii) any Distribution made pursuant to this Plan, except for acts determined by a Final Order to constitute actual fraud, willful misconduct or gross negligence, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under or in connection with this Plan. Notwithstanding the foregoing, for the avoidance of doubt, this section of the Plan shall not (i) exculpate or release any Exculpated Party from anything other than as expressly identified in the preceding sentence, (ii) prevent or limit the ability of the Debtors, Estates or the Liquidating Trustee to object to a Claim of an Exculpated Party on any basis other than matters exculpated or released in this section, or (iii) prevent or limit the ability of the Debtors, Estates or the Liquidating Trustee to object to, or defend against, on any basis, any Administrative Claim of an Exculpated Party. The foregoing exculpation shall not operate to waive or release any Causes of Action against any Insiders, Prepetition Agents, or any Prepetition Secured Parties.

Article X.F *Injunction*

Except as otherwise expressly provided in the Plan or in the Confirmation Order, or for obligations arising pursuant to the Plan, from and after the Effective Date, all Entities who hold or may hold Claims or Interests and all Entities acting on behalf of such Holders and the Releasing Parties are permanently enjoined from taking any of the following actions against the Debtors, the Released Parties, the Exculpated Parties, the Liquidating Trust and/or the Liquidating Trustee: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date; (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Claims, Interests and Causes of Action released, exculpated, waived, settled or barred pursuant to the Final DIP Order, or this Plan, which for the avoidance of doubt include the Third Party Releases, Debtor

Releases and Exculpated Claims set forth herein; *provided, however*, that nothing contained in these provisions or in this Injunction shall affect the rights of Holders that elect the Release Opt-Out on their respective ballots, against any parties other than the reorganized Debtors, the Exculpated Parties, the Liquidating Trust and/or the Liquidating Trustee.

**Relevant Definitions Related to Release and Exculpation Provisions:**

"***Exculpated Party***" means each of (a) the Debtors, (b) the Chief Restructuring Officer, (c) G2 Capital Advisors, LLC (d) the Committee and the Committee's members, (e) Kelton C. Tonn, and (f) with respect to each of the foregoing Entities in clauses (a) through (d), such Entity's current subsidiaries, and its and their officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals in any such persons' capacity as such. Notwithstanding anything herein to the contrary, the definition of "Exculpated Party" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

"***Insiders***" means an entity as defined in section 101(31) of the Bankruptcy Code, and includes, without limitation, Thomas Clarke, Ana Clarke, David Wiley, Orinoco Natural Resources, LLC, Oakridge Energy Partners LLC, or Clarke Investments, LLC, or any such Entity's current or former Affiliates (other than the Debtors). Notwithstanding anything herein to the contrary, the definition of "Insiders" shall not include Kelton C. Tonn.

"***Prepetition Agents***" means the Prepetition Senior Agent and the Prepetition Junior Agent.

"***Prepetition Junior Agent***" means Acqua Liana as administrative agent under the Prepetition Junior Credit Agreement.

"***Prepetition Senior Agent***" means White Oak as administrative agent under the Prepetition Senior Credit Agreement.

"***Released Party***" means, collectively, and in each case in its capacity as such, (a) the Debtors, (b) the Chief Restructuring Officer, (c) G2 Capital Advisors, LLC, (d) Kelton C. Tonn, and (e) with respect to each of the foregoing Entities in clauses (a) through (c), each such Entity's current subsidiaries and its officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals as of the Petition Date, including in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Released Party" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

"***Releasing Parties***" means, collectively, and in each case in its capacity as such: (a) the Debtors, (b) each Holder of a Claim that is deemed to accept the Plan, (c) each other Holder of a Claim that is entitled to vote on the Plan and does not elect the Release Opt-Out on its Ballot, and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's current subsidiaries, and its and their managed accounts or funds, such Entity and its current officers, directors, employees, agents, financial and other advisors, attorneys, accountants, investment bankers, consultants, representatives and other Professionals, in their capacities as such, including

but not limited to in any such persons' capacity as director and/or officer (or any similar position) of any of the Debtors or any of the Debtors' subsidiaries, and predecessors and successors in interest of any such party. Notwithstanding anything herein to the contrary, the definition of "Releasing Parties" shall not include any Insiders, either of the Prepetition Agents, nor any Prepetition Secured Parties.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Dated: Houston, Texas
     February [__], 2020            BY ORDER OF THE COURT

**PORTER HEDGES LLP**

By:     _/s/ John F. Higgins_
          John F. Higgins (TX 09597500)
          M. Shane Johnson (TX 24083263)
          1000 Main Street, 36th Floor
          Houston, Texas 77002
          Telephone: (713) 226-6000
          Fax: (713) 226-6248

          **COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

## <u>Exhibit 6</u>

**Committee Letter in Support of Plan**

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
EPIC COMPANIES, LLC, ET AL.

**TO CREDITORS OF EPIC COMPANIES, LLC, EPIC DIVING & MARINE SERVICES, LLC, EPIC APPLIED TECHNOLOGIES, LLC, EPIC SPECIALTY SERVICES, LLC, EPIC ALABAMA STEEL, LLC, EPIC SAN FRANCISCO SHIPYARD, LLC AND ZUMA ROCK ENERGY SERVICES, LLC, HOLDING UNSECURED CLAIMS:**

I write to you on behalf of the Official Committee of Unsecured Creditors (the "Committee") of Epic Companies, LLC ("Epic"), Epic Diving & Marine Services, LLC ("Epic Diving"), Epic Applied Technologies, LLC ("Epic Applied"), Epic Specialty Services, LLC ("Epic Specialty Services"), Epic Alabama Steel, LLC ("Epic Alabama Steel"), Epic San Francisco Shipyard, LLC ("Epic San Francisco Shipyard"), and Zuma Rock Energy Services, LLC ("Zuma", and collectively with Epic, Epic Diving, Epic Applied, Epic Specialty Services, Epic Alabama Steel, and Epic San Francisco Shipyard, the "Debtors").

The Committee is a proponent of the *Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* (the "Plan"), along with the Debtors. The Committee believes the Plan is in the best interests of unsecured creditors and urges you to vote in favor of the Plan.

### The Plan[1]

The Plan provides for the liquidation of the remaining assets of these Debtors and their estates, having previously sold substantially all of their assets to White Oak Global Advisors, LLC, subject to the estates' potential claims. Today, the Debtors have no operations, no operating assets and only minimal employees necessary for the wind down of these bankruptcy cases.

Under the Plan, the Debtors' remaining assets, essentially cash on hand, certain real property and causes of action, vest in a post-confirmation trust to be liquidated for the benefit of trust beneficiaries, who are generally comprised of creditors with allowed claims against the Debtors, in accordance with the terms of the Plan.

The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. The Court has approved the Disclosure Statement as providing adequate information to enable you to vote on the Plan and nothing in this letter is intended to vary from the information provided in the Disclosure Statement. Please note that the Court's approval of the Disclosure Statement is not an endorsement or comment on the Plan. The Court will rule on the Plan at the hearing to consider confirmation of the Plan.

---

[1] This Plan summary is intended only for convenience, is qualified entirely by reference to the provisions of the Plan itself, and is not intended to substitute for a careful and comprehensive review of the Plan, Disclosure Statement and related documents. In all instances of apparent conflict between the contents of this letter and the terms of the Plan, the Plan prevails.

**You should carefully review the Disclosure Statement and the Plan, including any exhibits and other documents provided to you along with the Plan, before you vote or complete your Ballot. The Committee encourages you to consult with your own legal counsel and financial advisors regarding the Plan, and the classification and treatment of your claims proposed under the Plan.**

## Committee Support of the Plan

**The Committee has participated in the formulation of the Plan and believes that the Plan is in the best interests of all unsecured creditors of the Debtors. The Committee urges you to vote in favor of the Plan by completing and submitting your Ballot.**

## Completing Ballots

The Plan may be confirmed only if sufficient votes are cast in favor of the Plan. Your vote is important, and in order for your vote to count you must sign, complete and timely return your Ballot by the deadline stated in the Notice of (I) Hearing on Final Approval of Disclosure Statements and Confirmation of Plan, and (II) Objection Deadlines, and Summary of Debtors' Chapter 11 Plan (**March 24, 2020, at 5:00 p.m. (Prevailing Central Time)**).

As noted above, if you hold an allowed claim in Class 5, General Unsecured Claims, a Ballot for voting on the Plan should be enclosed, along with voting instructions, applicable deadlines, and additional details. Ballots are to be used for voting only by holders of claims in Classes designated as entitled to vote under the Plan. If you do not hold a claim against a Debtor in Class 5, do not return a Ballot. To have your vote count you must sign, complete and timely return your Ballot. Any returned Ballots that fail to designate an acceptance or rejection will not be counted as a vote, whether in favor of or against the Plan. Complete information regarding voting procedures and tabulation of Ballots is set out in the Disclosure Statement.

Please note that if you hold a claim in Class 5, you should also consider your election regarding the proposed releases under item 3 of the Ballot.

Complete information regarding voting procedures is set out in the Ballot.

If you have any questions or would like to request additional copies of the Plan, Disclosure Statement or related documents, please visit http://dm.epiq11.com/ECL; or contact the Debtors' Voting Agent at 1-855-958-0575, and by email to tabulation@epiqglobal.com with a reference to "Epic Companies" in the subject line.

Dated: February 20, 2020.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS EPIC COMPANIES, LLC, ET AL., by
TETRA TECHNOLOGIES INC., in its capacity as the
Chairperson of the Committee


By: _____

　　　　　Carlos Longoria

Title:   Chief Compliance Officer and Assistant General
　　　　　Counsel - International

3