UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | |
|---|---|
| In re: | § <br> § Chapter 11 <br> § |
| EPIC COMPANIES, LLC, | § Case No. 19-34752 (DRJ) <br> § |
| Debtors.¹ | § (Jointly Administered) <br> § |

**LIQUIDATING TRUSTEE'S MOTION FOR
EXTENSION OF DEADLINE TO FILE OBJECTIONS TO CLAIMS**
[Relates to Doc. Nos. 581, 681, 796, and 797]

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**To the Honorable David R. Jones,
United States Bankruptcy Judge:**

Jeffrey T. Varsalone, as the Liquidating Trustee for Epic Companies, LLC Trust (the "Liquidating Trust") files this Motion to Extend the Deadline for Filing Objections to Claims (the "Motion") under the *Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* [Docket No. 581] (the "Plan"), and respectfully states:

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The mailing address of the Debtors is: P.O. Box 79625, Houston, Texas 77279-9625.

1

10958570

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408. Pursuant to the Plan, this Court retained jurisdiction over the allowance and/or determination of claims.

**BACKGROUND**

2. On August 26, 2019, (the "Petition Date"), the Debtors each commenced a case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On April 8, 2020, the Court entered its *Order Approving Plan Proponents' Disclosure Statement and Confirming Plan Proponents' Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries under Chapter 11 of the Bankruptcy Code* [Docket No. 681] (the "Confirmation Order"), which confirmed the Debtors' Plan. The effective date of the Plan occurred on April 13, 2020 [Docket No. 688] (the "Effective Date").

4. The Plan and the Confirmation Order established the Liquidating Trust and approved the Liquidating Trust Agreement, which appointed Jeffrey T. Varsalone as the Liquidating Trustee. *See* Plan, Art. V.E. Pursuant to Article VIII.A of the Plan, the Liquidating Trustee has the authority to, among other things, object to all claims. Under the Plan, the deadline to object to claims is no later than one year after the Effective Date (April 13, 2021) (the "Claims Objection Deadline"), unless otherwise extended by order of the Court. *See* Plan, Art. VIII.C.

5. On March 12, 2021, the Liquidating Trustee filed its *Motion for Extension of Deadline to File Objections to Claims* [Docket No. 796]. On March 15, 2021, the Court granted that motion and extended the deadline through and including October 15, 2021 [Docket No. 797].

**RELIEF REQUESTED AND BASIS FOR RELIEF**

6. The Liquidating Trustee requests an approximate 180-day extension of the Claim Objection Deadline, from October 15, 2021 to April 13, 2022.

7. The Plan expressly provides that the Court may extend the Claims Objection Deadline. *See* Plan, at Article VIII.C. Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

8. Pursuant to Bankruptcy Rule 9006(b)(1), "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed . . ." FED. BANKR. R. 9006(b)(1). For the reasons set forth herein, good cause exists to extend the Claim Objection Deadline.

9. More than 600 proofs of claim (the "Claims") have been filed in the Chapter 11 Cases. Since the Effective Date, the Liquidating Trustee has been reviewing the filed Claims to identify those that should be disallowed, reduced and allowed, or reclassified, and to resolve or file objections to certain Claims.

10. The Liquidating Trustee and his professionals thoroughly reviewed the Debtors' books and records, and the claims register to determine Claims entitled to priority status as well as those that were duplicative of the same claimants, those that were filed after November 6, 2019 (the "Claims Bar Date"), those that amended other Claims, and those that should be reduced or disallowed. The Liquidating Trustee has made significant progress filing objections to substantive Claims. To date, the Liquidating Trustee has filed objections to 205 Claims. Additionally, the

Liquidating Trustee and his professionals have resolved all of the priority and administrative Claims.

11. While the Liquidating Trustee and his professionals have made significant progress reconciling Claims, the Claims objection process is not the only matter occupying the Liquidating Trustee's attention; therefore, additional time to complete these efforts is necessary. For example, on February 24, 2021, the Liquidating Trustee filed the *Complaint for Damages* [Adv. No. 21-03032, Docket No. 1] against Alliance Energy Services, LLC, Triton Heavy Lift Services, LLC, and Triton Diving Services, LLC seeking $604,726 in contract damages based on the breach of three bareboat charters and two equipment rental agreements (the "Alliance Claim"). The Liquidating Trustee and his professionals ultimately reached a settlement agreement with the defendants to resolve the Alliance Claim.

12. Additionally, the Liquidating Trustee sent approximately 90 demand letters to avoid and recover numerous preferential transfers made by the Debtors to or for the benefit of certain creditors. Since sending these letters, the Liquidating Trustee and his professionals have spent considerable time gathering relevant information such as invoices and bank statements, corresponding with creditors, evaluating the creditors' potential defenses, and negotiating settlements. In connection with these preferential transfers, the Liquidating Trustee filed 34 avoidance actions on August 25 and 26, 2021. The Liquidating Trustee believes that many of these avoidance actions will need to be resolved concurrently with the resolution of the objections to Claims which will require additional time for negotiations between the relevant parties.

13. Finally, the Liquidating Trustee investigated claims against White Oak Global Advisors, LLC ("White Oak"), Acqua Liana Capital Partners, LLC and their affiliated entities (collectively, the "Lenders"). The Liquidating Trustee and his professionals have spent

considerable time investigating and analyzing those claims, and negotiated and finalized a settlement agreement with the Lenders. The Liquidating Trustee and his professionals continue to investigate claims against former officers, directors, and other insiders of the Debtors including, but not limited to, Thomas Clarke, David Wiley, and their related companies (collectively, the "Insiders").

14. Given the circumstances, the Liquidating Trustee respectfully submits that cause exists to extend the Claims Objection Deadline by approximately 180 days.

15. Moreover, similar relief has been granted by courts in this district and others. *See, e.g.*, *In re PetroQuest Energy, Inc.*, Case No. 18-36322 (DRJ) (Bankr. S.D. Tex. Dec. 23, 2020) (extending the claims objection deadline a fifth time by approximately six months); *In re Montco Offshore, Inc.*, Case No. 17-31646 (MI) (Bankr. S.D. Tex. November 30, 2018) (extending the claims objection deadline a second time); *In re Linc USA GP.*, Case No. 16-32689 (DRJ) (Bankr. S.D. Tex. May 29, 2016) (extending the claims objection deadline a fourth time); *In re Luca Int'l Grp., L.L.C.*, Case No 15-34221 (DRJ) (Bankr. S.D. Tex. Mar. 8, 2017) (extending the claims objection deadline a third time).

16. This extension is not sought for the purposes of delay and will not prejudice any claimants. The Liquidating Trustee reserves the right to seek a further extension of the time to file and serve objections to claims upon motion filed with the Court.

## NOTICE

17. Notice of this Motion will be given to all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Liquidating Trustee respectfully submits that no further notice of this Motion is required.

10958570

## **PRAYER**

Accordingly, the Liquidating Trustee requests that the Court (i) extend the deadline for filing objections to claims to April 13, 2022, and (ii) grant such other and further relief as is appropriate under the circumstances.

**Dated: September 14, 2021**

          **Porter Hedges LLP**

          */s/ M. Shane Johnson*
          John F. Higgins (TX 09597500)
          Eric M. English (TX 24062714)
          M. Shane Johnson (TX 24083263)
          1000 Main Street, 36th Floor
          Houston, Texas 77002
          Telephone: (713) 226-6000
          Fax: (713) 226-6248
          jhiggins@porterhedges.com
          eenglish@porterhedges.com
          sjohnson@porterhedges.com

          **COUNSEL FOR LIQUIDATING TRUSTEE**

10958570

## CERTIFICATE OF SERVICE

I certify that on September 14, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System to all parties appearing in these cases.

*/s/ M. Shane Johnson*
M. Shane Johnson

10958570