UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EPIC COMPANIES, LLC, | § | Case No. 19-34752 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**LIQUIDATING TRUSTEE'S OBJECTION TO CLAIM NOS.
194 AND 10268 FILED BY PRAXAIR DISTRIBUTION, INC.**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**To the Honorable David R. Jones,
Chief United States Bankruptcy Judge:**

Jeffrey T. Varsalone, as the liquidating trustee (the "Liquidating Trustee") of the Liquidating Trust of Epic Companies, LLC and certain of its subsidiaries, as debtors in the above-captioned cases (collectively, the "Debtors"), files this *Objection to Claim Nos. 194 and 10268 filed by Praxair Distribution, Inc.* (the "Objection") pursuant to sections 105(a) and 502(b) of title 11 of the United States Code §§ 101-1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures"). The

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The mailing address of the Debtors is: P.O. Box 79625, Houston, Texas 77279-9625.

Liquidating Trustee respectfully represents as follows in support of this Objection and submits the *Declaration of Jeffrey T. Varsalone in Support of the Liquidating Trustee's Objection to Claim Nos. 194 and 10268 filed by Praxair Distribution, Inc.* attached hereto as **Exhibit A** (the "Varsalone Declaration").

## SUMMARY OF OBJECTION

1. The Liquidating Trustee objects to Proof of Claim No. 194 ("Claim 194") and Proof of Claim No. 10268 ("Claim 10268," and together with Claim 194, the "Claims") filed by Praxair Distribution, Inc. (the "Claimant") for the following reasons. First, Claim 194 should be reduced because, upon information and belief, certain equipment subject to the Claim was returned to the Claimant. Second, Claim 194 should be reclassified as a general unsecured claim because the Debtors did not own the property subject to the Claimant's asserted maritime lien. Third, Claim 10268 should be disallowed in its entirety because the Claimant seeks to recover a purported administrative claim for certain supplies that the Debtors did not use or have possession of postpetition. The Liquidating Trustee therefore seeks entry of an order (i) disallowing Claim 194 to the extent it exceeds $388,089; (ii) reclassifying Claim 194 as a general unsecured claim; and (iii) disallowing Claim 10268 in its entirety.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Objection is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

3. The bases for the relief requested in this objection are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the Complex Case Procedures. Pursuant to the Plan, this Court retained jurisdiction over claim objections.

**FACTUAL BACKGROUND**

4. On August 26, 2019 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On February 13, 2020, the Debtors and the Committee filed their *Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 581] (the "Plan"). On April 7, 2020, the Court entered its *Order Approving Plan Proponents' Disclosure Statement and Confirming Plan Proponents' Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 681] (the "Confirmation Order").

6. The Plan and the Confirmation Order established the Liquidating Trust and approved the Liquidating Trust Agreement, which appointed the Liquidating Trustee to, among other things, "have the exclusive authority to file, settle, compromise, withdraw, or litigate to judgment any objections to Claims." *See* Plan, Art. VIII.B. Pursuant to the Plan, the Debtors' estates are deemed consolidated for purposes of making distributions to general unsecured claims. *See* Plan, Art. V.A.

7. On December 18, 2019, the Debtors filed their *Fourth Omnibus Motion to Authorize and Approve the Rejection of Certain Unexpired Leases* [Docket No. 485] (the "Rejection Motion") to reject agreements under section 365 of the Bankruptcy Code, including that certain contract between the Claimant and Epic Diving & Marine Services, LLC ("Epic Diving") dated June 4, 2015 (the "Product Supply Agreement"). [*See* Docket No. 485-1]. On February 20, 2020, the Court entered the *Order Granting Debtors' Fourth Omnibus Motion to Authorize and Approve the Rejection of Certain Unexpired Leases* [Docket No. 598] (the

"Rejection Order"), which rejected, among other agreements, the Product Supply Agreement effective as of the Petition Date.

8. On November 5, 2019, the Claimant filed Claim 194 against Epic Companies, LLC ("Epic") asserting a secured claim in the total amount of $989,589 secured by a maritime lien on the M/V NOR Goliath vessel (the "Goliath") and the Orion M/S Global Orion vessel (the "Global Orion," and together with the Goliath, the "Vessels").

9. On June 11, 2020, the Claimant filed Claim 10268 against Epic asserting a priority unsecured claim under section 507(a)(2) of the Bankruptcy Code in the amount of $33,845.57 for supplies allegedly provided between August 2019 through November 2019 and damages related to the Debtors' rejection of the Product Supply Agreement.

## CLAIMS BAR DATE

10. On October 3, 2019, the Court entered an *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Request for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Request, and (IV) Approving Notice of Bar Dates* [Docket No. 226] (the "Bar Date Order") pursuant to which the Court, among other things, established November 6, 2019, at 11:59 p.m. (prevailing Central Time), as the deadline for all non-governmental entities[2] holding or wishing to assert a "claim" (as defined in section 101(15) of the Bankruptcy Code).

---

[2] The deadline for all governmental units asserting a "claim" (as defined in section 101(15) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date to file written proof of such claim was February 24, 2020, at 11:59 p.m. (prevailing Central Time).

11. On October 5, 2019, Epiq Corporate Restructuring LLC mailed notice of the Bar Date Order (the "Bar Date Notice") to potential claimants in accordance with the procedures set forth therein. [*See* Docket No. 236].

12. The Debtors also published the Bar Date Notice in accordance with the Bar Date Order in *USA Today* (national edition), the *Houston Chronicle*, and *The Times-Picayune | The New Orleans Advocate* on October 25, October 27, and October 28, 2019, respectively. [*See* Docket No. 444].

13. On April 13, 2021, the Debtors filed the *Notice of Entry of Order Approving Plan Proponents' Disclosure Statement and Confirming Plan Proponents' Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code, and Notice of Effective Date* [Docket No. 688] (the "Notice of Effective Date").

14. As described in the Notice of Effective Date, and in accordance with Articles I(A)(3) and VI(C) of the Plan and paragraph 29 of the Confirmation Order, the deadline for filing requests for payment of administrative claims (the "Administrative Claims") and the deadline for filing a claim that arises from the rejection of an executory contract or unexpired lease (the "Rejection Damages") was May 13, 2020 (the "Administrative and Rejection Damages Claim Deadline").

## OBJECTION

15. Section 502 of the Bankruptcy Code deems the allowance of a claim or interest, proof of which is filed under section 501 of the Bankruptcy Code "unless a party in interest . . . objects." 11 U.S.C. § 502.

16. Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and

amount of the claim." *See*, *e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim loses the presumption under Bankruptcy Rule 3001(f) when an objecting party refutes at least one allegation that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). The burden then shifts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id*. Thus, even with the burden shifting framework, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).[3]

17. The Liquidating Trustee objects and seeks entry of an order reducing Claim 194 to $388,089 because the Debtors are not liable for the full amount of Claim 194. The total amount of Claim 194 consists of $388,089 for diving gases (the "Diving Gases") and $597,500 for equipment (the "Equipment"). The Claimant provided the Diving Gases and leased the Equipment to Epic Diving pursuant to the Product Supply Agreement. As set forth herein and in the Varsalone Declaration, upon information and belief,[4] the Equipment[5] that constitutes $597,500 of Claim 194 was returned to the Claimant. Specifically, based on information provided by Navarro Capital Partners, LLC ("Navarro"), the owner of the Global Orion, the Claimant collected the Equipment onboard the Global Orion on or around January 9, 2020 from the Alabama Shipyard in Mobile, Alabama. Similarly, to the extent any Equipment remained on the Goliath after the Debtors ended

---

[3] Pursuant to Bankruptcy Local Rule 3007-1(b) "[a]n objection to claim may be filed without a hearing date."

[4] The Liquidating Trustee requested additional information from the Claimant regarding the itemized list of the Equipment on the Vessels as referenced in Claim 194. However, the Claimant failed to respond or provide any documentation detailing the specific Equipment.

[5] From reviewing the Debtors' records and correspondence with related parties at the time of the Debtors' charters of the Vessels, the Liquidating Trustee believes the Equipment consisted of cylinders, tube modules, gas bottles and gas bottle racks.

their charter of the vessel, the Claimant acknowledged working with counsel for the Goliath to remove and collect that Equipment on or around November 18, 2019.[6] Accordingly, Claim 194 should be disallowed to the extent it exceeds $388,089.00.

18. To the extent Claim 194 is allowed, the Liquidating Trustee seeks entry of an order reclassifying Claim 194 as a general unsecured claim because it is not entitled to secured status pursuant to section 506(a) of the Bankruptcy Code. Section 506(a) of the Bankruptcy Code requires that a claimant demonstrate that his or her claim is secured by a lien on property in which the estate has an interest. *See* 11 U.S.C. § 506(a). To the extent that a claimant fails to demonstrate that his or her claim is secured by a lien or other security interest in the property of the debtor's estate, such claim must be deemed unsecured. *See, e.g.*, *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003) (creditor retains only an unsecured status without direct security interest); *In re WorldCom, Inc.*, 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying purportedly secured claim as unsecured due to its basis on a lapsed lien). The Claimant has failed to establish that Claim 194 is secured by a lien on property in which the Debtors or the Liquidating Trustee has an interest because the Debtors never owned the Goliath or the Global Orion, the property subject to Claim 194. Further, the Debtors' books and records do not demonstrate that the Claimant has a lien on the Debtors' property. For the reasons set forth above, the Liquidating Trustee seeks to reclassify Claim 194 to a general unsecured claim. Reclassifying Claim 194 is necessary to ensure that other creditors entitled to receive distributions from the Liquidating Trustee receive the appropriate treatment and distribution.

---

[6] In an email with counsel for the Liquidating Trustee, counsel for the Claimant stated: "It is my understanding that Praxair, Inc. entered into a Product Supply Agreement with Epic Diving & Marine Services, LLC which I have attached. **I am also working with counsel for the Goliath to remove the leased equipment from the arrested vessel.** Accordingly, I am requesting if Epic Diving & Marine Services, LLC would enter into a consensual agreement whereby Epic rejects the lease. Please advise and I am hoping to accomplish this prior to the hearing set for Nov. 22nd regarding the sale of the Goliath." (emphasis added).

19. Additionally, the Liquidating Trustee objects and seeks entry of an order disallowing Claim 10268 in its entirety because the Claimant filed Claim 10268 after the Administrative and Rejection Damages Claim Deadline. Pursuant to the Plan, late-filed claims are barred against the Debtors or the Liquidating Trustee.[7] Claim 10268 was required to be filed by the Administrative and Rejection Damages Claim Deadline; however, the Claimant did not file Claim 10268 on or before that time, nor does Claim 10268 fall into any exceptions set forth in the Plan such that it could have been filed after the Administrative and Rejection Damages Claim Deadline. Further, the Claimant was served with notice of the Administrative and Rejection Damages Claim Deadline. [*See* Docket No. 694]. If Claim 10268 is not disallowed, the Claimant would receive a distribution to the detriment of other creditors that it is not entitled to because Claim 10268 was untimely.

---

[7] Specifically, Article 2 of the Plan bars late-filed requests for administrative claims as follows,

> [R]equests for payment of Administrative Claims arising between the Petition Date and the Effective Date must be Filed and served on the Liquidating Trustee pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order no later than the [Administrative and Rejection Damages Claim Deadline]. *Holders of Administrative Claims that are required to, but do not, File and serve a request for payment of such Administrative Claims by such dates shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors or their property* and such Administrative Claims shall be deemed discharged as of the Effective Date.

See Plan, Art. II(A) (emphasis added).

Additionally, Article 6 of the Plan bars late-filed claims for rejection damages.

> All Claims arising from the rejection of Executory Contracts or Unexpired Leases must be Filed with the clerk of the Bankruptcy Court and served upon the Liquidating Trustee within thirty (30) days of the occurrence of the Effective Date. Any Claim arising from the rejection of Executory Contracts or Unexpired Leases that becomes an Allowed Claim is classified and shall be treated as a Class 5 General Unsecured Claim. **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed within the time required by this section *will be forever barred from assertion against the Debtors, the Estates, the property of the Debtors, or the Liquidating Trust*, without the need for any objection by the Liquidating Trustee or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity.**

See Plan, Art. VI(C) (emphasis added).

20. The Liquidating Trustee also objects to Claim 10268 because there is no basis to assert Claim 10268 as an administrative priority claim for postpetition amounts when the Debtors ceased all postpetition operations.

21. Under section 503(b)(1)(A) of the Bankruptcy Code, the Court is required to award administrative priority for claims that constitute the "actual, necessary costs and expenses of preserving the estate. . . ." 11 U.S.C. § 503(b)(1)(A). In order receive administrative priority treatment, a claim must arise between a creditor and postpetition debtor. *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001); *see also In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992) (holding a claim is treated as an administrative expense where it is induced by the debtor-in-possession); *In re Comanche Horizon Corp.*, Case No. 01-50526-RLJ-7, 2002 Bankr. LEXIS 1969, at *1, *8 (N.D. Tex. Dec. 4, 2002) (noting that a claim does not receive administrative priority when it is induced by a prepetition entity). "The claimant seeking administrative expenses bears the burden of proof." *Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 441 (5th Cir. 2019). To be considered actual and necessary, the expense must have provided a benefit to both the estate and its creditors. *See Matter of H.L.S. Energy Co., Inc.,* 151 F.3d 434, 437 (5th Cir. 1998). Creditors should only pay for "those expenses necessary to produce distribution to which they are entitled." *See id.*

22. As stated above, the Claimant seeks rejection damages related to outstanding balances for supplies, including Diving Gases and related equipment, provided under the Product Supply Agreement between August 2019 and November 2019. However, the Debtors have not used the Diving Gases and/or the equipment subject to the Product Supply Agreement postpetition. As of the Petition Date, the Debtors began winding down their operations, and shortly after sold substantially all of their assets to White Oak Global Advisors, LLC ("White Oak") on November

15, 2019 [*see* Docket No. 418]. Accordingly, the Debtors rejected the Product Supply Agreement because the Debtors no longer benefited from the services or goods provided thereunder. Therefore, the Product Supply Agreement has not provided a postpetition benefit to the Debtors' estates. Because the Claimant did not provide the Debtors' estates with a postpetition benefit and has not asserted that there was any benefit to the Debtors' estates, Claim 10268 should be disallowed in its entirety.[8]

23.     In the alternative, to the extent Claim 10268 is allowed, the Liquidating Trustee seeks entry of an order reclassifying Claim 10268 as a general unsecured claim because it is not entitled to priority status pursuant to section 507(a)(2) of the Bankruptcy Code. Section 507(a)(2) grants second-level priority to certain types of administrative expenses;[9] however, the Claimant has failed to establish that the basis of Claim 10268 fits into any of the allowed administrative expenses entitled to such priority.

24.     Furthermore, the Debtors rejected the Product Supply Agreement, which serves as the premise for these outstanding amounts. Generally, the rejection of an executory contract results in a general unsecured claim for rejection damages, if any. 11 U.S.C. § 365(g); *see* 3 Collier on Bankruptcy ¶ 365.10 (16th ed. 2021) ("Section 365(g) provides that rejection of a contract or lease that has not previously been assumed in the case constitutes a breach immediately before the date of the filing of the petition. . . . any claim that the contract or lease counterparty may have [is] a prepetition claim that is not entitled to priority"). By placing the time of the breach prepetition,

---

[8] Any outstanding *prepetition* balances for Diving Gases asserted in Claim 10268 duplicate amounts asserted in Claim 194, wherein the Liquidating Trustee seeks an order allowing Claim 194 in the reduced amount of $388,089 for Diving Gases invoiced and outstanding as of the Petition Date.

[9] Under section 507(a), the following expenses and claims have second-level priority, "administrative expenses allowed under section 503(b) of this title, unsecured claims of any Federal reserve bank related to loans made through programs or facilities authorized under section 13(3) of the Federal Reserve Act (12 U.S.C. 343), and any fees and charges assessed against the estate under chapter 123 of title 28." 11 U.S.C. § 507(a)(2).

any claim that the contract or lease counterparty may have under section 365(g) would be a prepetition claim that is not entitled to priority as an expense of administration of the estate. As the Debtors rejected the Product Supply Agreement, the Claimant would have a general unsecured claim like other prepetition contract counterparties. *Id.* For the reasons set forth above, the Liquidating Trustee seeks to reclassify Claim 10268 as a general unsecured claim in the event that the Court does not disallow Claim 10268 in its entirety. Reclassifying Claim 10268 is necessary to ensure that other creditors entitled to receive distributions from the Liquidating Trustee receive the appropriate treatment and distribution.

25. Therefore, Claim 194 should be disallowed to the extent it exceeds $388,089 and reclassified as a general unsecured claim, and Claim 10268 should be disallowed in its entirety. In the alternative, to the extent Claim 10268 is allowed, Claim 10268 should be reclassified as a general unsecured claim.

## RESERVATION OF RIGHTS

26. The Liquidating Trustee expressly reserves all rights related to this Objection, including, without limitation, the right to amend, modify, or supplement this Objection and/or raise any additional objections or arguments, prior to or during any hearing(s) regarding the claims, or any hearing regarding payment of any claims. The Liquidating Trustee also reserves the right to object to any of the claims on any other grounds. All such rights are expressly reserved and preserved.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests that this Court grant the Objection as set forth above, and grant any further relief to which the Liquidating Trustee may be justly entitled.

Dated: April 10, 2023
Houston, Texas

                        **MOUER HUSTON PLLC**

By:   */s/ Penn C. Huston*
       **MOUER HUSTON PLLC**
       Penn C. Huston
       S.D. Tex. ID No. 20542
       Texas State Bar No. 00796804
       phuston@mouerhuston.com

       *Counsel for the Liquidating Trustee for claims filed by Praxair Distribution, Inc. and Williams Field Services – Gulf Coast Company, LP*

## **CERTIFICATE OF SERVICE**

I certify that on April 10, 2023, a copy of the foregoing document was served through the Electronic Case Filing System to all parties appearing in these cases, and by first class mail and electronic transmission to the party identified below:

Praxair Distribution, Inc.
c/o RMS
PO Box 19253
Minneapolis, Minnesota 55419
wendy.messner@iqor.com

                                                */s/ Penn C. Huston*
                                                Penn C. Huston