**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **EPIC COMPANIES, LLC,** | § | **Case No. 19-34752 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**LIQUIDATING TRUSTEE'S OBJECTION TO CLAIM NO.**
**10216 FILED BY WILLIAMS FIELD SERVICES – GULF COAST COMPANY, LP**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**To the Honorable David R. Jones,**
**Chief United States Bankruptcy Judge:**

Jeffrey T. Varsalone, as the liquidating trustee (the "Liquidating Trustee") of the Liquidating Trust of Epic Companies, LLC and certain of its subsidiaries, as debtors in the above-captioned cases (collectively, the "Debtors"), files this *Objection to Claim No. 10216 filed by Williams Field Services – Gulf Coast Company, LP,* (the "Objection") pursuant to sections 105(a) and 502(b) of title 11 of the United States Code §§ 101-1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Epic Companies, LLC (1473), Epic Diving & Marine Services, LLC (2501), Epic Applied Technologies, LLC (5844), Epic Specialty Services, LLC (8547), Epic Alabama Steel, LLC (6835), Epic San Francisco Shipyard, LLC (5763) and Zuma Rock Energy Services, LLC (1022). The mailing address of the Debtors is: P.O. Box 79625, Houston, Texas 77279-9625.

Procedures"). The Liquidating Trustee respectfully represents as follows in support of this Objection and submits the *Declaration of Jeffrey T. Varsalone in Support of the Liquidating Trustee's Objection to Claim No. 10216 filed by Williams Field Services* attached hereto as **Exhibit A** (the "Varsalone Declaration").

## SUMMARY OF OBJECTION

1.      The Liquidating Trustee objects to Proof of Claim No. 10216 ("Claim 10216") filed by Williams Field Services – Gulf Coast Company, LP (the "Claimant") for the following reason. Claim 10216 is a contingent claim for reimbursement that should be disallowed in its entirety under Section 502(e)(1)(B) and estimated in the amount of $0 under Section 502(c). The Debtors' books and records do not indicate any liability owed, and the Debtors did not schedule this claim. The Liquidating Trustee therefore seeks entry of an order disallowing Claim 10216 in its entirety.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Objection is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested in this objection are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the Complex Case Procedures. Pursuant to the Plan, this Court retained jurisdiction over claim objections.

## FACTUAL BACKGROUND

4.      On August 26, 2019 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On February 13, 2020, the Debtors and the Committee filed their *Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 581] (the "Plan"). On April 7, 2020, the Court entered its *Order Approving Plan Proponents' Disclosure Statement and Confirming Plan Proponents' Joint Plan of Liquidation of Epic Companies, LLC and its Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code* [Docket No. 681] (the "Confirmation Order").

6.      The Plan and the Confirmation Order established the Liquidating Trust and approved the Liquidating Trust Agreement, which appointed the Liquidating Trustee to, among other things, "have the exclusive authority to file, settle, compromise, withdraw, or litigate to judgment any objections to Claims." *See* Plan, Art. VIII.B. Pursuant to the Plan, the Debtors' estates are deemed consolidated for purposes of making distributions to general unsecured claims. *See* Plan, Art. V.A.

7.      On November 6, 2019, the Claimant filed Claim 10216 against Epic Companies, LLC ("Epic") asserting a priority unsecured claim in an undetermined amount on account of indemnification liability related to mechanic's and material liens and breach of contract claims under the General Service Contract.

**OBJECTION**

8.      Section 502 of the Bankruptcy Code deems the allowance of a claim or interest, proof of which is filed under section 501 of the Bankruptcy Code "unless a party in interest . . . objects." 11 U.S.C. § 502.

9.      Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." *See*, *e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex.

3

2010). A proof of claim loses the presumption under Bankruptcy Rule 3001(f) when an objecting party refutes at least one allegation that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). The burden then shifts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id*. Thus, even with the burden shifting framework, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).[2]

10.     The Liquidating Trustee objects and seeks entry of an order disallowing Claim 10216 in its entirety under Section 502(e)(1)(B) and estimated in the amount of $0 under Section 502(c).

11.     Claimant seeks an undetermined amount on account of indemnification liability related to mechanic's and materialmen's liens and breach of contract claims under a General Service Contract. *See* Ex. A (the "Varalone Declaration").

12.     Under section 502(c) of the Bankruptcy Code, there shall be estimated for purpose of allowance under this section any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case. 11 U.S.C. § 502(c).

13.     Under section 502(e)(1)(B) of the Bankruptcy Code, the Court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution. 11 U.S.C. § 502(e)(1)(B).

---

[2]     Pursuant to Bankruptcy Local Rule 3007-1(b) "[a]n objection to claim may be filed without a hearing date."

14.     Embedded in the language of section 502(e)(1)(B) are three elements necessary for a claim against the debtor to be disallowed under this provision: (i) the debtor is co-liable with the claimant; (ii) the claim is contingent; and (iii) the claim is for "reimbursement or contribution." *In re Alta Mesa Res., Inc.*, No. 19-35133, 2022 WL 17984306, at *3 (Bankr. S.D. Tex. Dec. 28, 2022.) Courts interpret a claim for indemnity to be a claim for "reimbursement or contribution." *Id.* (citing *In re RNI Wind Down Corp.*, 369 B.R. 174, 181-182 (Bankr. D. Del. 2007) (quoting *In re Vectrix Bus. Solutions, Inc.*, 2005 WL 3244199, at *3 (Bankr. N.D. Tex. 2005)).

15.     All three elements necessary for section 502 (e)(1)(B) of the Bankrupty Code to apply are satisfied here. First, the Debtors' co-liability with the Claimant is implicit in an indemnity arrangement such as the one in this case. *See In re Alta Mesa Res., Inc.* at *3 ("the debtor's co-liability with the claimant is implicit in an indemnity arrangement such as the one in this case, where the arrangement between a debtor and a claimant is one of a surety who has issued bonds for which the obligor (debtor) has agreed to indemnify it.")

16.     Second, the claim here is contingent as, upon information and belief, Claimant has not actually paid the third party. A claim for indemnification is generally considered contingent unless the claimant has actually paid the third party. *Id.* (citing *In re Tri-Union Dev. Corp.*, 314 B.R. 611, 617 (Bankr. S.D. Tex. 2004); *see also In re Denke, 524 B.R. 644, 655 (Bankr. E.D. Va. 2015)* ("A contingent claim is by definition a claim which has not yet accrued and which is dependent upon some future event that may never happen."

17.     Finally, Claimant's claim is one based on indemnification liability. *See* Ex. A (the "Varsalone Declaration").

18.     The Debtors' books and records do not indicate any liability owed, and the Debtors did not schedule the instant claim. *See* Ex. A (the "Varsalone Declaration").

19.     Therefore, Claim 10216 should be disallowed in its entirety.

## RESERVATION OF RIGHTS

20.     The Liquidating Trustee expressly reserves all rights related to this Objection, including, without limitation, the right to amend, modify, or supplement this Objection and/or raise any additional objections or arguments, prior to or during any hearing(s) regarding the claims, or any hearing regarding payment of any claims. The Liquidating Trustee also reserves the right to object to any of the claims on any other grounds. All such rights are expressly reserved and preserved.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests that this Court grant the Objection as set forth above, and grant any further relief to which the Liquidating Trustee may be justly entitled.

Dated: April 10, 2023
Houston, Texas

                                        MOUER HUSTON PLLC

                        By:     */s/ Penn C. Huston*
                                **MOUER HUSTON PLLC**
                                Penn C. Huston
                                S.D. Tex. ID No. 20542
                                Texas State Bar No. 00796804
                                phuston@mouerhuston.com

                                *Counsel for the Liquidating Trustee for*
                                *claims filed by Praxair Distribution, Inc.*
                                *and Williams Field Services – Gulf Coast*
                                *Company, LP*

6

## CERTIFICATE OF SERVICE

I certify that on April 10, 2023, a copy of the foregoing document was served through the

Electronic Case Filing System to all parties appearing in these cases, and by first class mail and

electronic transmission to the party identified below:

Williams Field Services – Gulf Coast Company, LP
Jeffry Goebel
2800 Post Oak Boulevard, Suite 12436
Houston, Texas 77058
jeffry.goebel@williams.com

Steven W. Soule
Hall Estill
320 S. Boston Avenue, Suite 200
Tulsa, Oklahoma 74103
ssoule@hallestill.com

*/s/ Penn C. Huston*
Penn C. Huston